THE STATE OF OHIO, APPELLEE, *v.* COLDWELL, APPELLANT.

(No. C-810095—Decided January 13, 1982.)

Mr. *Simon L. Leis, Jr.,* prosecuting attorney, Mr. *Leonard Kirschner* and Mr. *Daniel J. Breyer,* for appellee.

Mr. *Timothy R. Evans,* for appellant.

KEEFE, J. Defendant-appellant, Herman Coldwell, was charged on December 5, 1978, with a violation on that date of R.C. 5577.04(C).[1] Throughout the years this statute has undergone a number of revisions. It appears consistently to have been entitled thus: "Maximum axle load, wheel load, gross weights, for pneumatic tired vehicles." It was so designated December 1978, when Coldwell was charged. However, the version of R.C. 5577.04 in effect in December 1978, contained *no paragraph C,* the complaint notwithstanding.[2] (See Am. Sub. S.B. No. 421, 137 Ohio Laws, Part I, 1206-1207.) R.C. 5577.04 did include a paragraph C apparently before August 18, 1978. (*E.g.,* Am. Sub. H.B. No. 624, 136 Ohio Laws, Part II, 2763, 2765.)

Coldwell was convicted in the Hamilton County Municipal Court of driving a truck loaded in excess of the weight limits established by R.C. 5577.04, although we discover nothing in the record in the instant appeal indicating consideration by the trial court which convicted Coldwell of the strange situation of the complaint charging a violation of a nonexistent paragraph of the ever convoluted R.C. 5577.04. What was paragraph C in R.C. 5577.04 prior to August 18, 1978, was not transferred into any single paragraph verbatim when the statute was changed effective August 18,

---

[1] The "Ohio Uniform Traffic Ticket" was used to lodge the complaint.

[2] Counsel readily admit this.

1978. In other words, the contents of the earlier paragraph C were spread throughout different portions of the August 18, 1978 statute. So, for example, it cannot be said that what was once paragraph C had become simply paragraph B, or some other paragraph. When the statute was amended August 18, 1978, there was marked rearrangement of the included provisions. There was no request to amend the complaint to charge a violation of some paragraph or paragraphs included in R.C. 5577.04 which was effective at the time Coldwell was charged. Coldwell appealed his conviction to the First Appellate District and on June 18, 1980 in No. C-790421, unreported, this court at page 9, ordered the following:

"Having determined that the second assignment of error is well taken, in that the trial court erred in ruling that appellant was without standing to raise the issue of the constitutionality of R.C. 5577.04; and, having overruled all other assignments of error the judgment of the trial court must be reversed and the case remanded for further proceedings in accordance with law and in conformity with this decision. On remand the court will determine, on the basis of such evidence as may be submitted by the parties, the constitutionality of R.C. 5577.04. In the event the court finds the statute unconstitutional the defendant-appellant will be discharged. In the event the court finds the statute constitutional, this Court having found no error in the original trial, the trial court will reinstate its prior judgment and sentence."

This remand can only reasonably have intended for the trial court to examine the constitutionality of R.C. 5577.04 as it pertained to Coldwell's conviction. Interpreting the remand any other way would be to conclude that it contemplated ordering the municipal court to provide an advisory opinion on provisions of R.C. 5577.04 clearly foreign to the charge and conviction of Coldwell. We are convinced

that no such comprehensive review of irrelevant provisions of R.C. 5577.04 was ever intended. Thus the remand was to test the constitutionality of those circumscribed provisions and paragraphs directly pertaining to Coldwell's conviction.

Pursuant to the remand the municipal court judge held hearings on the constitutionality of R.C. 5577.04, effective August 18, 1978, which, as has been noted, contained no paragraph C. We are advised by appellate counsel that the judge was alerted by the same counsel to the fact that the complaint against Coldwell contained paragraph C of R.C. 5577.04 as the statutory basis for the charge, whereas R.C. 5577.04 in effect at the time of the alleged violation included no paragraph C. We are further informed by counsel that the trial judge discounted the legal significance of the absence of a paragraph C; and it is impossible to ascertain from the trial court's elliptical entry overruling Coldwell's motion to dismiss based upon the unconstitutionality of R.C. 5577.04 what portion of the statute he did in fact validate since it contains no paragraph C under which the appellant was convicted. However, regrettably we have a silent record as to any words by the trial judge about the incorrect statutory reference in the complaint, and also nothing of record confirms the allegation that the judge discredited the facial irregularity of the charge predicated upon a nonexistent section of a criminal statute. Judging from the cold trial record, no counsel objected to the legally questionable procedure of trying a person for a violation of a nonexistent section of a statute. The present appeal followed failure of Coldwell's motion to dismiss. The solitary assignment of error contends R.C. 5577.04 is unconstitutional. It is puzzling to say the least why counsel for Coldwell has not attacked the complaint somewhere along the lengthy trail of this litigation. Without intending animadversion, there seems to be an overriding

desire by appellant to secure an appellate decision upon the constitutionality of the subject statute, which is not an unreasonable hope, except that the record confronts us with the very genuine threshold issue of whether appellant was charged with any crime punishable by law in December 1978 since the complaint alleged violation of a nonexistent section. It is of course axiomatic that a complaint not charging an offense is void. 26 Ohio Jurisprudence 3d, Criminal Law, Sections 731, 732, 793, 794. Thus we have before us a conviction which to all appearances is void. The irregularity in the complaint cannot be disregarded by us at this time simply because no objection to it was seasonably made at the trial level, nor the defect urged by appellant when the cause previously was appealed to this court, nor raised in the instant appeal. The error is patent and we must now deal with it. Since courts do not pass upon the constitutionality of a statute where the case may be disposed of upon other tenable grounds, we do not reach the challenged constitutionality of R.C. 5577.04, which incidentally has been amended anew since August 18, 1978. 16 Ohio Jurisprudence 3d, Constitutional Law, Section 121.

The conviction and judgment below are void for the reasons herein explicated. Therefore, we reverse and discharge the defendant-appellant Coldwell, and it is unnecessary to rule on the sole error assigned.[3]

*Judgment reversed.*

PALMER, P.J., and DOAN, J., concur.

---

[3] Crim. R. 7(B) provides in part the following:

"Each count of the indictment or information shall state the numerical designation of the statute which the defendant is alleged therein to have violated. Error in the designation or its omission shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not mislead the defendant to his prejudice."

Although the rule involves indictments and informations, we are willing to consider that by implication it may also be said to apply to complaints, the type of charge here. We will not assume that the defendant-appellant was not misled by use of a nonexistent section as the fundament for the criminal charge. Thus Crim. R. 7(B) does not stand in the way of the conclusion which this court reaches in the instant matter.