DECISION AND JUDGMENT ENTRY
{¶ 1} James Damron appeals his conviction for felonious assault, which resulted from a fight with another prison inmate. Although Damron concedes that the state proved the elements of felonious assault, he contends the manifest weight of the evidence shows he acted in self-defense and did not use an excessive amount of force to defend himself. In essence he argues his version of the events is more believable than the state's. Because the jury was in a much better position than this court to determine the credibility of the witnesses, we leave that task to them. And in light of the testimony from the state's witness that Damron kicked the victim in the head as he lay unconscious on the ground, the record contains substantial, credible evidence to support the jury's finding of guilt. Thus, the verdict is not against the great weight of the evidence. *Page 2 
 {¶ 2} Next, Damron contends the trial court committed plain error by failing to exclude two allegedly inadmissible hearsay statements offered by a prison social worker who was at the scene. The first statement came from an inmate who said, "man, he stomped the shit out of the guy." The second was Damron's own statement. Because the statements were admissible respectively under Evid.R. 803(1), a present sense impression, and 801(D)(2), an admission by a party-opponent, no error, plain or otherwise, resulted from their admission at trial.
 {¶ 3} Finally, Damron contends that he was deprived of his right to the effective assistance of his trial counsel due to counsel's failure to object to the purported hearsay and for failing to inquire about the color of Damron's boots. Having found the hearsay issue to be meritless, we also reject it as a basis for ineffective assistance of counsel. His contention concerning his footwear relies on speculation and evidence outside the record. Because trial counsel's performance was not deficient, this claim is without merit.
 {¶ 4} Having found no merit in any of the assigned errors, we affirm appellant's conviction.
 I. Facts {¶ 5} Damron, an inmate at a state correctional institution, became involved in a physical altercation with another inmate, James Farley, in the prison yard during the inmates' lunch hour. The state presented uncontroverted evidence that during the fight Damron struck Farley in the face and knocked him to the ground. A correctional officer testified he observed Damron kick Farley in the head area as Farley lay unconscious on the ground. Farley suffered serious physical harm as a result of the incident. *Page 3 
 {¶ 6} A grand jury indicted Damron on charges of felonious assault, in violation of R.C. 2903.11. Following a jury trial, the jury rejected Damron's claim of self-defense and convicted him as charged.
 II. Assignments of Error {¶ 7} Damron appeals from the judgment entry of conviction, presenting the following assignments of error:
 1. Appellant's conviction is against the manifest weight of the evidence.
 2. The trial court committed plain error by failing to exclude inadmissible hearsay, depriving appellant of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, and under Section 16, Article I, of the Ohio Constitution.
 3. Trial counsel's failure to object to inadmissible hearsay and failure to question Officer Newland as to the description of boots resulted in appellant's conviction, and deprived appellant of his right to effective assistance of counsel.
 III. Manifest Weight of the Evidence {¶ 8} In his first assignment of error, Damron asserts that his felonious assault conviction is against the weight of the evidence. He concedes that the state proved the elements of felonious assault, but contends that he, in turn, proved that he acted in self defense.
 {¶ 9} Self defense is an affirmative defense to a charge of felonious assault. Self defense will justify the use of force where one can establish, by a preponderance of the evidence, that he or she was not the instigator of the altercation, acted under a reasonable believe that force was necessary to repel the imminent use of force by another, and did not violate any duty to retreat or avoid the danger. State v.Barnes, *Page 4 94 Ohio St.3d 21, 24, 2002-Ohio-68; State v. Robbins (1979),58 Ohio St.2d 74, paragraph two of the syllabus. The elements of self defense are cumulative, and if the defendant fails to prove any one of the elements by a preponderance of the evidence, he has failed to demonstrate that he acted in self defense. State v. Cassano, 96 Ohio St.3d 94,2002-Ohio-3751, ¶ 72, citing State v. Jackson (1986), 22 Ohio St.3d 281,284.
 {¶ 10} Our function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. In order to undertake this review, we must sit as a "thirteenth juror" and review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id., citing State v. Martin (1983),20 Ohio App.3d 172, 175. We should order a new trial only in the exceptional case in which the evidence weighs heavily against the conviction. State v.Bethel, 110 Ohio St.3d 416, 2006-Ohio-4853, ¶ 100, citingMartin, at 175. We will not reverse a conviction so long as the state presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. State v. Getsy,84 Ohio St.3d 180, 193-194, 1998-Ohio-533; State v. Eley (1978), 56 Ohio St.2d 169, syllabus.
 {¶ 11} In convicting Damron of felonious assault, the jury implicitly rejected his self defense claim. Damron argues that in doing so, the jury incorrectly believed that he used an excessive amount of force to defend himself, specifically, that he kicked Farley in the head while Farley lay on the ground unconscious. Damron contends that the jury *Page 5 
put excessive weight on the testimony of one witness and ignored the credible, unbiased testimony of two other witnesses.
 {¶ 12} The "credible, unbiased" testimony that he refers to came from two inmates who were present at the altercation and testified they did not see Damron kick Farley in the head. The testimony upon which Damron claims the jury put excessive weight came from Officer Newland, a corrections officer who testified that he observed Damron and Farley swinging at each other and that as he approached them the other inmates at the scene scattered away. Newland testified that Damron apparently knocked out Farley, and that as Farley lay unconscious on the ground, not moving and not fighting back, he saw Damron kick Farley in the head area.
 {¶ 13} The weight to be given evidence and the credibility to be afforded witnesses' testimony are issues to be determined by the trier of fact. State v. Dye (1998), 82 Ohio St.3d 323, 329; State v.Frazier (1995), 73 Ohio St.3d 323, 339. The jury "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. As long as there is some factual and rational basis for the factfinder's determination of credibility and weight, we will not intercede.
 {¶ 14} There is nothing in the record to suggest that the correctional officer's testimony was based upon bias, misperception or deceit. Given that, the jury was free to credit his version of the events over that of the inmates, neither of whom directly contradicted the officer's testimony. We have thoroughly reviewed the evidence in this case and find no indication that the jury "lost its way" or created a manifest miscarriage *Page 6 
of justice by finding appellant guilty of felonious assault. Because substantial, credible evidence supports the jury's verdict, we overrule Damron's first assignment of error.
 IV. Admission of Alleged Hearsay Statements {¶ 15} In his second assignment of error, Damron contends that the trial court committed plain error by failing to exclude two allegedly inadmissible hearsay statements. Defense counsel did not object to the admission of either alleged hearsay statement. Therefore, we will not review this claim absent plain error by the trial court in admitting the statements.
 {¶ 16} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. See, Barnes, supra at 27; State v.Noling, 98 Ohio St.3d 44, 56, 2002-Ohio-7044. Plain error does not exist unless it can be said that, but for the error, the outcome of the trial would clearly have been otherwise. See, e.g., State v. Jackson (2001),92 Ohio St.3d 436, 438; State v. Sanders (2001), 92 Ohio St.3d 245, 263.
 {¶ 17} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Evid.R. 802 mandates the exclusion of hearsay unless appropriate exceptions apply.
 {¶ 18} The first statement Damron contests involved the testimony of Bernard Berry, a prison social work supervisor. Berry testified that immediately after the altercation between Damron and Farley ended, he arrived at the scene and was *Page 7 
"shooing some inmates off" when he heard one of the inmates say to another inmate, "man, he stomped the shit out of that guy".
 {¶ 19} The state agrees with Damron, the statement falls within the definition of hearsay, Evid.R. 801(C), and is inadmissible unless an exception applies. Under Evid.R. 803(1), a hearsay statement is admissible if it is a present sense impression. That rule defines a present sense impression as "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness." Evid.R. 803(1). Here, the statement at issue described the event and was made immediately after the altercation occurred. Nothing in the record indicates a lack of trustworthiness. Therefore, the court did not commit error, plain or otherwise, in failing to exclude the statement on the basis of hearsay.
 {¶ 20} The second statement challenged by appellant as improper hearsay also occurred during Berry's testimony. Specifically, Berry testified that after the fight, Damron made a statement directed toward Farley, "[t]hat'll teach you, Mother Fucker, you snitching little bitch." The foregoing is a statement of a party-opponent, and therefore by definition is not hearsay. See Evid.R. 801(D)(2), which provides a statement is not hearsay if it is the statement of the opponent and is offered by the other party. The statement need not be against the interest of the declarant at the time it is made. See Staff Notes to Evid.R. 801(D)(2)(a). The statement satisfies this exclusion from hearsay and was admissible.
 {¶ 21} Because the trial court did not commit error in admitting these two statements, Damron's second assignment of error has no merit. *Page 8 
 V. Ineffective Assistance of Trial Counsel {¶ 22} In his final assignment of error, Damron claims that he received the ineffective assistance of his trial counsel. Specifically, he contends his trial counsel's performance was deficient because counsel (1) failed to object to the allegedly inadmissible hearsay statements addressed in the second assignment of error, and (2) failed to question Officer Newland about the color of appellant's boots.
 {¶ 23} The Sixth Amendment to the United States Constitution and Section 10, Article I, of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean that a criminal defendant is entitled to the "reasonably effective assistance" of counsel. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to prevail on a claim of ineffective assistance of counsel, Damron must show (1) deficient performance, i.e., performance falling below an objective standard of reasonable representation, and (2) resulting prejudice, i.e., a reasonable probability that but for counsel's error, the proceeding's result would have been different. SeeStrickland, supra 466 U.S. at 687-688, 80 L.Ed.2d at 693; State v.Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus. Failure to establish either element is fatal to the claim.Strickland, 466 U.S. at 687, 80 L.Ed.2d at 693.
 {¶ 24} When considering whether trial counsel's representation amounts to a deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, *Page 9 
the challenged action might be considered sound trial strategy." Id. The United States Supreme Court has noted that "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." United States v. Hasting (1983), 461 U.S. 499,508-509, 103 S.Ct. 1974, 76 L.Ed.2d 96.
 {¶ 25} Because we have concluded in the second assignment of error that the statements challenged by Damron were admissible, any claim of ineffective assistance of counsel that is predicated on counsel's failure to object to them is likewise meritless.
 {¶ 26} Turning to his assertion that his counsel was ineffective for failing to question Officer Newland about the color of his boots, Damron argues that "an inquiry into [his] shoe color would have determined whether Officer Newland in fact saw the correct person kick Farley". However, Damron has not demonstrated a reasonable probability that, had counsel inquired about the color of his boots, the results of the trial would have been different. Moreover, there is no information in the record concerning Damron's boots, nor is there any evidence concerning any other inmate's footwear. This argument must rely on speculation and evidence outside the record and is not a proper subject for a direct appeal.
 {¶ 27} Damron has not demonstrated that he was deprived of a fair trial by the ineffective assistance of his trial counsel. Accordingly, we overrule his final assignment of error.
 {¶ 28} Having overruled each of the assignments of error, we affirm the trial court's judgment entry of conviction.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. Kline, J.: Concur in Judgment and Opinion. *Page 1