[Cite as *State v. Damron*, 2010-Ohio-6459.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 10CA3158 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| James E. Damron, | : | **Released 12/28/10** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

James E. Damron, Ross Correctional Institute, Chillicothe, Ohio, pro se Appellant.

Michael M. Ater, Ross County Prosecuting Attorney, and Richard W. Clagg, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.
_____
Harsha, J.

{¶1}   James Damron appeals from the entry of the Ross County Court of Common Pleas denying his pro se "motion for void judgment." The state charged and convicted Damron of felonious assault in 2005. He later filed a delayed appeal to this Court and we affirmed his conviction. In 2009 Damron filed the motion for "void judgment" in which he set forth new claims contesting his conviction, as well as the same or similar claims he presented in his direct appeal.

{¶2}   We construe Damron's motion for "void judgment" as an untimely petition for postconviction relief under R.C. 2953.23(A) and conclude it could be dismissed without conducting a hearing.

{¶3}   Damron's petition also raises several arguments that he raised or could have raised on direct appeal. Under the doctrine of res judicata, the court could not

review those issues in the context of a postconviction proceeding, so summary rejection was appropriate.

{¶4}   Finally, Damron contends that the state violated his rights under the Double Jeopardy Clause by imposing administrative prison sanctions on him while he was serving time for the underlying conviction.  However, administrative sanctions imposed in prison are not "criminal punishment" for purposes of the Double Jeopardy Clause and thus we reject this argument as well.

{¶5}    Accordingly, we affirm the decision of the trial court.

## I.  Summary of the Case

{¶6}   While incarcerated at the Ross Correctional Institution in 2005, Damron fought with an inmate.  Following a jury trial, the court convicted him of felonious assault.  Damron appealed his conviction to this Court and we affirmed, rejecting his arguments that:  (1) his conviction was against the manifest weight of the evidence; (2) the trial court failed to exclude two allegedly inadmissible hearsay statements; and (3) his trial counsel provided ineffective assistance.  See *State v. Damron*, Ross App. No. 06CA2903, 2007-Ohio-1187.

{¶7}   Damron later filed a discretionary appeal, which the Supreme Court of Ohio did not accept.  Finally, Damron filed a federal writ of habeas corpus, which the district court apparently rejected.[1]

{¶8}   In 2009, Damron filed a "motion for void judgment," alleging errors that occurred before, during, and after his trial.  Damron principally claimed that his indictment was defective.  This argument was the only issue Damron presented at length in his motion and the only argument presented that could arguably provide for a

---

[1] Damron's subsequent appeals are not in our record but he referred to them in his appellate brief.

"void judgment."  A judgment is "void" when a court that issues it lacks subject-matter jurisdiction over the action.  *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶12.  "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶12, quoting *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267, 227 N.E.2d 223 (per curiam) (internal citations omitted).[2]  A defective indictment could potentially "render" a judgment void, while non-structural errors occurring at trial would typically not.  See, e.g., *State v. Coldwell* (1982), 3 Ohio App.3d 283, 285, 445 N.E.2d 257.

{¶9}    Damron also briefly complained that: (1) his conviction was against the manifest weight of the evidence; (2) the trial court admitted inadmissible hearsay; (3) various violations of his Constitutional rights occurred; (4) he received ineffective assistance of counsel; and (5) the trial court failed to instruct the jurors on lesser included offenses.

{¶10}  The trial court denied this motion on the basis that "defendant's arguments could have been raised on direct appeal but were not."  Thereafter, Damron filed this appeal.

II. Assignments of Error

Assignment of Error No. 1

CONVICTION IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.

Assignment of Error No. 2

---

[2] *Bezak* mistakenly indicates that it quotes *Romito* at 267-268.

THE STATE USED PREJUDICIAL TESTIMONY THAT SHOULD HAVE BEEN CLASSIFIED AS INADMISSIBLE TESTIMONY.

Assignment of Error No. 3

THE CHARGES FILED AGAINST THE DEFENDANT/APPELLANT IN THE INDICTMENT ARE IN VIOLATION OF DUE PROCESS, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16 ARTICLE 1 OF THE OHIO CONSTITUTION CAUSED BY INEFFECTIVE COUNSEL.

Assignment of Error No. 4

THE FAILURE TO INCLUDE A LESSER INCLUDED OFFENSE FOR THE JURY TO CONSIDER AMOUNTS TO PLAIN ERROR.

III. The "Void Judgment" Motion is a Petition for Postconviction Relief

**{¶11}** Damron's "motion for void judgment" is actually best deemed a petition for postconviction relief. See *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, at syllabus (holding that a post direct appeal motion seeking to vacate a conviction on constitutional grounds is treated as a petition for postconviction relief). Under R.C. 2953.21(A), an individual convicted of a criminal offense may petition the court that previously imposed sentence to vacate the judgment if the defendant alleges that the judgment is void or voidable. Postconviction relief is available only for errors of constitutional-dimension, i.e., errors that effectively deprived the trial court of jurisdiction to convict the defendant. *State v. Perry* (1967), 10 Ohio St.2d 175, 178-179, 226 N.E.2d 104; *State v. Powell* (1993), 90 Ohio App.3d 260, 264, 629 N.E.2d 13; see, also, Katz and Gianelli, Ohio Criminal Law (2007), Section 81:2. Postconviction relief is the appropriate method to address unconstitutional errors based upon evidence outside of the trial record. Id.

**{¶12}** In his motion for "void judgment," Damron alleged that his indictment was defective, thus rendering his conviction void (an argument that he does not renew on appeal). Damron also re-raised arguments that he presented to this court in his direct appeal and asserted new arguments based on matters that he did not (but could have) raised on direct appeal. This latter fact notwithstanding, we believe that the trial court should have construed Damron's "motion for void judgment" as an untimely petition for postconviction relief under R.C. 2953.23(A). Applying that statute we conclude a summary denial of the motion was appropriate.

### A. Damron Failed to Establish Grounds to File a Delayed Petition

**{¶13}** Under R.C. 2953.21(A)(2), a defendant must file a petition for postconviction relief no later than 180 days after "the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." If a defendant fails to file an appeal, the 180 days begins to run upon expiration of the 30-day period for filing a timely appeal. Id. The total time limit remains the same if the defendant files a delayed appeal. "[D]efendants who file a delayed appeal are treated the same as defendants who file no appeal at all; both are given two hundred ten days from the date of conviction to bring a petition, one hundred eighty days plus the original thirty-day appeal period." *State v. Bird* (2000), 138 Ohio App.3d 400, 406, 741 N.E.2d 560.

**{¶14}** The court convicted Damron on December 20, 2005. He filed notice of his delayed direct appeal in this case on May 31, 2006. The 210th day following December 20, 2005 was July 18, 2006. Thus, Damron's present petition for postconviction relief, filed on December 18, 2009 was clearly untimely.

**{¶15}** If a petition for postconviction relief is untimely, the defendant may still seek "delayed relief" under R.C. 2953.23(A).  The defendant "must demonstrate either that he was unavoidably prevented from discovering facts upon which his petition relies, or that his petition relies on the recognition of a new federal or state right recognized by the United States Supreme Court that applies retroactively to a person in the petitioner's situation. In addition to one of these two factors, the petitioner must show by clear and convincing evidence that, but for the constitutional error, no reasonable trier of fact would have found him guilty of the offense for which he was convicted."  *State v. Hill* (1998), 129 Ohio App.3d 658, 661, 718 N.E.2d 978, citing R.C. 2953.23(A).

**{¶16}** Damron's petition failed to address, or otherwise demonstrate what "unavoidably prevented" him from discovering the facts upon which the petition relies. Damron's principal argument contends that his indictment was defective.  However, Damron failed to explain why he could not have asserted this argument within the time for filing a timely petition for postconviction relief.  Ostensibly, Damron had access to any charging instrument in this case for at least four years prior to filing the untimely petition.

**{¶17}** Damron also contends that he has acquired new evidence indicating that a witness who testified on the state's behalf lied about the type of shoes he was wearing during the attack.  He claims that the prosecutor withheld exculpatory evidence regarding these shoes.  However, Damron did not specifically present this argument in his petition to the trial court, so he has forfeited it.  And, he has also has failed on appeal to explain what "unavoidably prevented" him from discovering this evidence at an earlier time.

**{¶18}** Finally, Damron's petition makes no reference to a new federal or state right recognized by the United States Supreme Court.

**{¶19}** Because his petition failed to satisfy the requirements for a delayed petition, the trial court lacked jurisdiction to consider it and a dismissal without a hearing was appropriate. See R.C. 2953.23(A) (unless the defendant shows the required exceptions "a court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)].")

### B.  Res Judicata Bars Damron's Remaining<br>Postconviction Relief Arguments

**{¶20}** The court could have denied at least a portion of Damron's delayed petition on other grounds. Under the doctrine of res judicata, a court may not consider issues that a defendant raised or could have raised on direct appeal in postconviction relief proceedings. *State v. Nichols* (1984), 11 Ohio St.3d 40, 41-42, 463 N.E.2d 375. Postconviction relief is available only for errors based upon facts and evidence outside the record, which would not be reviewable on direct appeal. See *State v. Rodriguez* (1989), 65 Ohio App.3d 151, 153, 583 N.E.2d 347 (per curiam).

**{¶21}** In his "motion for void judgment," Damron asserted several arguments that he raised on direct appeal or could have raised there. In this appeal, Damron assigns error to only two of those issues. First, Damron argues that his conviction was against the manifest weight of the evidence. We concluded in Damron's 2007 direct appeal that his conviction was not against the weight of the evidence. This issue is res judicata (and "law of the case," see *Nolan v. Nolan* (1984)*,* 11 Ohio St.3d 1, 462 N.E.2d 410, at syllabus) and the court could not review it again in a postconviction proceeding. Second, Damron alleged that the trial court erred by failing to instruct the jury on lesser

included offenses.  Although Damron did not raise this argument in his 2007 direct appeal, he could have.  Thus, res judicata bars review of this issue as well in postconviction proceedings.

## C.  Administrative Sanctions

**{¶22}**  In his third assignment of error, Damron claims a violation of his rights under the Double Jeopardy Clause of the United States Constitution.  The Double Jeopardy Clause protects a criminal defendant against:  (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.  *Monge v. California* (1998), 524 U.S. 721, 727-728, 118 S.Ct. 2246.  See, also, Section 10, Article I of the Ohio Constitution.

**{¶23}**   In his appellate brief, Damron fails to explain what aspect of his conviction violated the Double Jeopardy Clause.  After the state mentions this omission in its appellee's brief, Damron explains in his reply brief that Double Jeopardy applies because "Appellant spent approximately sixteen (16) months in isolation, had RIB, LC and 4-B hearings and received a five (5) year consecutive sentence therefore being subjected to various punishments for the same charge."  Apparently, Damron is arguing that the sanctions he has received while in prison amount to double punishment for the same offense.   We have previously held that administrative punishments imposed within the prison system are not "criminal punishment" and thus do not implicate the Double Jeopardy Clause.  See *State v. Thompson* (1999), 132 Ohio App.3d 755, 758, 726 N.E.2d 530.  Consequently, we overrule this assignment of error.

## IV. Conclusion

{¶24}  Although the trial court should have treated Damron's "motion for void judgment" as an untimely petition for postconviction relief, it did not err by denying it as we would have reached the same ultimate result.  Consequently, we overrule each of Damron's assignments of error.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Kline, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
       William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**