[Cite as *State v. Gaitor*, 2014-Ohio-4010.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.　13 MA 189 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| THOMAS GAITOR, II, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
Court, Case No. 94CR967.

JUDGMENT:        Affirmed.

APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul Gains
Prosecuting Attorney
Attorney Ralph Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:        Thomas Gaitor, II, *Pro se*
#A304-837
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio  44044

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  September 8, 2014

VUKOVICH, J.

{¶1} Defendant-appellant Thomas C. Gaitor II appeals the decision of the Mahoning County Common Pleas Court which denied his motion for relief from judgment. Appellant argues that his conviction is void on the grounds that the trial court lacked subject matter jurisdiction to convict him in his criminal case because no complaint had been filed against him. For the following reasons, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

{¶2} On November 18, 1994, appellant was indicted for aggravated murder with a firearm specification, kidnapping with a firearm specification, and tampering with evidence. He thereafter pled guilty to the charges, and the firearm specifications were dismissed in return. In a May 22, 1995 entry, appellant was sentenced to life with eligibility for parole after twenty years for aggravated murder, ten to twenty-five years for kidnapping, and two years for tampering with evidence, all to run concurrent. Appellant did not file an appeal from his conviction and sentence.

{¶3} On September 20, 1996, appellant filed a petition for post-conviction relief setting forth arguments concerning the application of Senate Bill 2, ineffective assistance of counsel, voluntariness of confession and plea, and Crim.R. 11(C)(3). He thereafter sought to withdraw his guilty plea on the same grounds. The trial court overruled his arguments, and he appealed. This court affirmed the overruling of his motions. *State v. Gaitor*, 7th Dist. No. 96CA234 (June 21, 1999).

{¶4} On July 31, 2013, appellant filed a motion to vacate a void judgment alleging a lack of subject matter jurisdiction. Specifically, he asserted that the trial court lacked subject matter jurisdiction as no complaint had ever been filed in the case. The state responded on August 26, asserting that the court had jurisdiction as appellant had been indicted. The state also pointed out that appellant pled guilty and raised no issues with a complaint at that time, in a direct appeal, or in a prior petition for post-conviction relief, thus urging application of the doctrine of res judicata. On August 28, 2013, the trial court overruled appellant's motion.

{¶5} Appellant filed a reply brief on September 9, suggesting that defense counsel was ineffective for allowing him to plead guilty without raising his argument about the lack of a complaint. He also posited that a complaint was a mandatory filing needed to confer subject matter jurisdiction on a trial court and pointed out that subject matter jurisdiction is not subject to the doctrine of res judicata.

{¶6} On September 10, the trial court ruled that the reply was moot because the court had already ruled. The docket evidences that service of this entry was mailed to appellant on October 1, 2013. Thereafter, the docket shows that copies of the August 28, 2013 entry were issued on October 7, 2013. On October 16, 2013, appellant filed a motion for relief from judgment under Civ.R. 60(B)(5), stating that he was not served with the August 28 entry, citing *Nichols v. Sydney Motors*, 61 Ohio App.3d 590, 573 N.E.2d 701 (9th Dist.1988) for the proposition that failure to give notice of a final order makes vacation under Civ.R. 60(B)(5) and reentry of the judgment a proper method of permitting the party a right to appeal.

{¶7} On November 25, 2013, the trial court overruled appellant's motion for relief from judgment. Appellant filed a notice of appeal on December 19, 2013, resulting in the current appellate case. Although a motion for relief from judgment is not a substitute for a timely appeal, there were service issues here and appellant is asserting only subject matter jurisdiction. We thus proceed to address appellant's argument.

ASSIGNMENT OF ERROR

{¶8} Appellant's sole assignment of error contends:

{¶9} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT CONVICTED DEFENDANT-APPELLANT WITHOUT FORMAL AC[C]USATION FOR ACQUIREMENT OF JURISDICTION OVER THE SUBJECT MATTER."

{¶10} Appellant states that he recently discovered that there was no formal accusation in the form of a complaint filed in order for the court to originally acquire jurisdiction in the case against him. He asserts that a complaint was required to be filed under Crim.R. 3, which provides that the complaint is a written statement of the essential facts constituting the offense charged, the complaint shall state the

numerical designation of the applicable statute or ordinance, and the complaint shall be made upon oath before any person authorized by law to administer oaths. Appellant concludes that in the absence of a complaint being filed, there was never subject matter jurisdiction to proceed. He notes that a lack of subject matter jurisdiction can be raised at any time as it renders a judgment void ab initio.

{¶11} The state responds that appellant's motion should be construed as an untimely petition for post-conviction relief. Regarding post-conviction in general, the state notes that the error asserted must be one that is not on the record and that such a petition is barred by the doctrine of res judicata, regarding claims that were raised or could have been raised. *Citing State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); *State v. West*, 7th Dist. No. 07JE26, 2009-Ohio-3347, ¶ 24. The state points out that appellant's motion fails to comply with the statute for untimely post-conviction relief petitions and fails to explain the delay. *See* R.C. 2953.23(A)(1) (must show unavoidably prevented from discovery of facts on which he relies or United States Supreme Court recognized new retroactive right and clear and convincing evidence that but for error no reasonable fact-finder would have found him guilty). The state also contends that appellant's guilty plea waived any defects.

{¶12} Appellant does not dispute these general principles. As aforementioned, appellant asserts a lack of subject matter jurisdiction, which can be raised at any time and which is not subject to waiver or to the res judicata bar merely because it could have been raised in an earlier proceeding. *See State v. Wilson,* 73 Ohio St.3d 40, 45, 652 N.E.2d 196 (1995), fn. 6 (explaining that defendant's petition for post-conviction relief was not barred by the doctrine of res judicata because his judgment of conviction was void ab initio for lack of subject matter jurisdiction); *Perry*, 10 Ohio St.2d at ¶6, 9 of syllabus (final judgment of conviction bars defendant from raising in any proceeding, except the direct appeal from that conviction, non-jurisdictional issues that were raised or could have been raised by the defendant at trial or on an appeal from that judgment) *See also State v. Lomax*, 96 Ohio St.3d 318, 2002-Ohio-4453, 774 N.E.2d 249, ¶ 17 (subject matter jurisdiction cannot be waived).

**{¶13}** Therefore, the issue is whether a lack of a criminal complaint deprives a court of subject matter jurisdiction in a felony case when the defendant was indicted by the grand jury. On this topic, the state asserts that a grand jury indictment cures any defect in the failure to file a criminal complaint, i.e. any error in not filing a complaint is rendered harmless by the indictment.

**{¶14}** Factually, appellant's argument is incorrect. A complaint was filed in the Campbell Municipal Court on October 21, 1994, resulting in Campbell Municipal Court Case No. 94CRA331. Aggravated murder was alleged by the complaint of a Campbell police officer. At that time, a warrant was issued, appellant appeared in court, and bond was set. A preliminary hearing was held on October 26, 1994, where the Campbell Municipal Court found probable cause and bound appellant over to the Mahoning County Common Pleas Court, resulting in Mahoning County Common Pleas Court Case No. 94CR967. Likewise, the docket of this Mahoning County case shows that the transcript from Campbell Municipal Court was filed on October 28, 1994 and recites the municipal court number. The matching document in Mahoning County's file contains the actual complaint charging aggravated murder. Because appellant's argument is based upon this faulty factual premise, his argument fails.

**{¶15}** We also note that the law cited involving misdemeanor offenses is not applicable to this felony case. *See, e.g., State v. Coldwell*, 3 Ohio App.3d 283, 445 N.E.2d 257 (1st Dist.1982) (a misdemeanor case cited by appellant). Appellant was indicted by a grand jury on November 18, 1994, for kidnapping, aggravated murder, and tampering with evidence. *See Foston v. Maxwell*, 177 Ohio St. 74, 76, 202 N.E.2d 425 (1964) (grand jury has discretion to review the evidence presented and determine which offenses to charge and can indict on different charges that those made against him in the original affidavit used to bind him over). As the state urges, this indictment invoked the jurisdiction of the common pleas court. *See Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962) ("The felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county."). *See also Simpson v. Maxwell* (1964), 1 Ohio St.2d 71, 72, 203 N.E.2d 324 (1964) ("The jurisdiction of a trial court is invoked by a valid indictment or information and is not

dependent upon the validity of the process by which the accused is originally apprehended.")

{¶16} In *Burns*, the defendant argued to this court that the officer failed to file a complaint. *State v. Burns*, 7th Dist. No. 09MA193, 2012-Ohio-2698, ¶ 72. We concluded that any error in failing to file a complaint was rendered harmless by the issuing of the indictment. *Id.* at ¶ 73-74, citing *State v. Thacker*, 4th Dist. No. 04-CA5, 2004-Ohio-3978, ¶ 12 (where defendant argued no subject matter jurisdiction due to failure to file Crim.R. 3 complaint, Fourth District held that defendant was tried upon indictment), citing *State v. Martin*, 4th Dist. No. 01CA24, 2002-Ohio-6140, ¶ 21-25 (where the defendant was convicted upon an indictment, issues with the complaint are irrelevant). *See also State v. Holland*, 5th Dist. No. 13CA53, 2012-Ohio-4136, ¶ 13 ("Upon appellant's indictment by the grand jury, he was properly within the subject matter jurisdiction of the court of common pleas"); *State v. Christian*, 7th Dist. No. 02CA170, 2005-Ohio-2381, ¶ 14 (defendant was not tried upon initial charging document where indictment was thereafter filed).

{¶17} In conclusion, there is no issue with the trial court's subject matter jurisdiction. Accordingly, appellant's assignment of error is overruled. The judgment of the trial court is hereby affirmed.


Donofrio, J., concurs.
DeGenaro, P.J., concurs.