[Cite as *State ex rel. Dunkle v. Marcelain*, 2018-Ohio-1019.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, ex rel. | : | JUDGES: | |
| DAVID E. DUNKLE | : | | |
| | : | Hon. W. Scott Gwin, P.J. | |
| Relator | : | Hon. William B. Hoffman, J. | |
| | : | Hon. Patricia A. Delaney, J. | |
| -vs- | : | | |
| | : | | |
| THOMAS M. MARCELAIN | : | Case No. 17-CA-94 | |
| JUDGE COURT OF COMMON PLEAS | : | | |
| | : | | |
| Respondent | : | O P I N I O N | |

CHARACTER OF PROCEEDING:                    WRIT OF MANDAMUS

JUDGMENT:                                                   DISMISSED

DATE OF JUDGMENT:                                    March 15, 2018

APPEARANCES:

For Respondent:                                             For Relator:

CAROLYN J. CARNES                                     DAVID E. DUNKLE, PRO SE
Assistant Prosecuting Attorney                        Marion Correctional Institution
20 South Second Street, 4th Floor                   P.O. Box 57
Newark, OH 43055                                          Marion, OH  43301-0057

*Delaney, J.*

{¶1} Relator, David E. Dunkle, has filed a Petition for Writ of Mandamus requesting a writ issue "compelling Respondent . . .to . . .show cause how the Respondent gained subject matter jurisdiction without the compliance of the rules of procedure of criminal proceedings, and according to, as a matter of law."

{¶2} Relator was charged with Rape by way of a complaint filed on April 1, 1986 in the Licking County Municipal Court. Thereafter, a multi count indictment was filed on April 10, 1986 in the Licking County Court of Common Pleas which included counts of rape, complicity to commit rape, and a firearm specification.

{¶3} Relator maintains the trial court lacked subject matter jurisdiction because a complaint was never filed. Respondent has filed a motion to dismiss with an attached copy of the complaint filed in the Licking County Municipal Court charging Relator with rape. Relator in turn acknowledges a complaint was filed in the municipal court but argues it was also required to be file stamped in the Court of Common Pleas. He argues the failure to file stamp the original complaint in the court of common pleas divests the court of common pleas of jurisdiction over his case.

{¶4} On April 4, 2017, Relator filed a "Motion to Arrest Judgment" in the underlying criminal case raising the same issues raised in the petition before us. Respondent denied the motion on August 24, 2017. Relator did not appeal the denial of the motion. Rather, Relator instituted the instant petition to raise the issue.

{¶5} "For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of

the law." *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007–G–2776, 2008–Ohio–1028, ¶31.

{¶6} Relator cites no case law or statutory authority in support of his contention that the municipal court complaint must also be filed in the court of common pleas as a prerequisite to the common pleas court's gaining jurisdiction over a criminal felony case. Relator was not convicted by virtue of the municipal court complaint. Rather, he was charged by way of grand jury indictment filed on April 10, 1986 and convicted based upon the indictment.

{¶7} Relator cites R.C. 1901.31(E) for the proposition the complaint must be filed in the court in which a defendant is to appear. This code section applies to municipal courts. The complaint was filed in the municipal court as is evidenced by the time stamp on the complaint.

{¶8} After Respondent provided the time-stamped complaint, Relator began to argue the complaint was required to be filed in the court of common pleas. The rule cited by Relator, Crim. R. 5(B)(7), merely requires the municipal court or municipal court clerk to transmit the municipal court record to the court in which the defendant is going to appear which in this case would have been the Licking County Court of Common Pleas.

{¶9} Crim. R. 5(B)(7) provides,

Upon the conclusion of the hearing and finding, the court or the clerk of such court, shall, within seven days, complete all notations of appearance, motions, pleas, and findings on the criminal docket of the court, and shall transmit a record of the appearance docket entries, together with a copy of the original complaint and affidavits, if any, filed with the complaint, the journal or docket entry of reason for changes in the charge, if any, together with the order setting bail and the bail including any bail deposit, if any, filed, to the clerk of the court in which defendant is to appear.

{¶10} Even assuming arguendo the municipal court complaint should have been file stamped in the court of common pleas, courts have held that any irregularity with the initial charging document is harmless error once the indictment issues. See e.g. *State v. Gaitor*, 7th Dist. Mahoning No. 13 MA 189, 2014-Ohio-4010, ¶ 16 (any error in failing to file a complaint was rendered harmless by the issuing of the indictment).

{¶11} In this case, the indictment issued on April 10, 1986 and was filed in the court of common pleas. Not only has Relator failed to direct this Court to any case law or statute which requires a common pleas court clerk to file stamp a municipal court complaint, but any error in failing to file a municipal court complaint, if it were required, would be harmless once an indictment is filed.

{¶12} Because Relator has failed to any claim upon which relief may be granted, the writ will not issue.

By Delaney, J.

Gwin, P.J. and

Hoffman, J. concur.