No. 17664—The Anthony Carlin Co. v. Walker D. Hines, Director General of Railroads. Error to the Court of Appeals of Cuyahoga county.

RAILROAD TARIFFS—(1) Must be uniformly applied—(2) Demurrage charges on cars—not to be questioned, when—(3) "Average agreement"—Computation of charges—Exemptions, effect of.

MATTHIAS, J.:

1. Railroad tariffs duly filed with the Interstate Commerce Commission, so long as in force, have the effect of statutes and are binding upon the carrier and shipper alike. They are required for the purpose of preventing any preference or discrimination, and to effectuate that purpose must be uniformly applied and enforced.

2. Under the rule established by the Interstate Commerce Commission demurrage charges for the detention of cars must be exacted and collected by the carrier in accordance with the tariffs on file, and where certain exceptions are specified therein, no others can be permitted. The validity of such rule as to demurrage charges upon interstate traffic adopted and applied by the Interstate Commerce commission is not open to question in state courts. (Swift & Co. v. Hocking Valley Ry. Co., 93 Ohio St.; 143, approved and followed.)

3. Where, pursuant to the provisions of such tariff schedules so filed, an "average agreement" is entered into by the carrier and a consignee, whereby demurrage charges for the detention of cars by such consignee are computed at the end of each calendar month and credits for cars promptly released by the consignee are offset against debits for those detained, which agreement further provides that the consignee should not be entitled to the benefit of certain exemptions from demurrage charges specified in the tariff, including detention caused by weather conditions preventing unloading of cars and by reason of bunching of cars in delivery to the consignee due to the neglect of the railroad company, the consignee is not relieved from paying demurrage upon cars detained by him beyond the allotted time resulting from a delivery of cars in accumulated numbers, which bunching of cars was caused "by conditions created by heavy snow fall, severe storms and protracted intensely cold weather," such conditions not having been specified in such agreement read in connection with such tariff schedules.

Judgment affirmed.

Robinson, Jones and Day, JJ., concur.

No. 1722—Noble Holt, alias Red Holt, v. The State of Ohio. Error to the Court of Appeals of Hamilton county.

CRIMINAL LAW—(1) First degree murder for killing policeman—Act not in conflict with constitution—(2) Knowledge that defendant knew deceased was an officer, not necessary to aver—But must be proven—(3) Evidence, fact that rebuttal also tends to prove case in chief—Admission of out of order—rests with court, unless abuse of discretion, verdict not to be disturbed—(4) Trial for homicide, proof of robbery, failure to limit proof—interdependent offenses—State v. 90 OS. 100 and Baxter v. 91 OS. 167 distinguished.

DAY, J.:

1. Section 12402-1, General Code (109 O. L. 545), providing whoever purposely and wilfully kills a policeman in the discharge of his duty is guilty of murder in the first degree and shall be punished by death, is not in conflict with Section 9, Article I of the Ohio Constitution, prohibiting "cruel and unusual punishments," nor with Section 26, Article II, providing that "All laws, of a general nature, shall have a uniform operation throughout the state."

2. In an indictment under Section 12402-1, General Code, it is not necessary to aver that the defendant knew the deceased was an officer, as named in the statute, since the words "purposely" and "wilfully" carry the meaning of designedly and knowingly. It is, however, necessary to prove such knowledge upon trial.

3. Where, in the trial of a criminal, evidence is introduced in rebuttal by the state to meet a claim or theory of the defense, the fact that such evidence also tends to prove some element or elements of the state's case in chief, does not make such testimony inadmissible nor is the state deprived of the benefit thereof as tending to prove the commission of the offense alleged in the indictment. The admission of evidence out of its order rests in the sound discretion of the court. Unless some abuse of such discretion appears, when taken in connection with all the evidence in the case, such as to show that a party was prevented from having a fair trial, a verdict will not be disturbed upon that ground.

4. When proof of the crime of a robbery is offered, which forms the moving cause for the commission of a homicide, it is not prejudicial error, upon the trial for the homicide, for the court to fail to limit proof of the crime of robbery to motive for the commission of the homicide, the two offenses being interdependent and one following as a sequence of the other, the homicide being committed for the purpose of avoiding and escaping arrest and apprehension for the robbery. In such case the rule of evidence applying to separate and distinct offenses does not apply. (State v. Davis, 90 Ohio St., 100, and Baxter v. State, 91 Ohio St., 167, distinguished.)

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones and Matthias, JJ., concur. Allen, J., took no part in the consideration or decision of the case.