Per Curiam.

There are statements in our decisions which would indicate that in order to convict the petitioner (herein referred to as the prisoner) of first degree murder under Section 2901.04, Revised Code, it was essential for the state to establish by proof beyond a reasonable doubt by direct or circumstantial evidence that the prisoner had knowledge before killing his victim that the victim was a police officer. Holt v. State, 107 Ohio St., 307, 140 N. E., 349 (paragraph two of the syllabus). See Atkins v. State, 115 Ohio St., 542, 155 N. E., 189 (paragraph two of the syllabus).
We will assume, as the prisoner apparently contends, that there was insufficient evidence of such knowledge, apart from certain statements claimed to have been made by the prisoner.* As to those statements, the sheriff testified in substance that the prisoner made certain statements to the effect that he knew his victim was a police officer before he shot him, and that those statements were reduced to writing, read to the prisoner and signed by him.
The prisoner denied making such statements and, although he admitted making certain other statements contained in such writing and signing such writing, denied that the portions of the writing containing those statements were read by or to him before he signed the writing.
The prisoner’s claim for relief is based upon the allegations in his petition:
(1) That the sheriff gave the following testimony with respect to the foregoing-signed writing:
*396 “On the statement taken at 5:20 p. m. I typed in the word ‘night’ and at the time I road the statement to him, he asked me to substitute the word ‘ day, ’ I was in error and he wrote in the word ‘day,’ and crossed out the word ‘night.’
“ [Prosecutor] Q. He asked for a correction and then corrected it.
“[Sheriff] A. Yes, sir.”
(2) That the prisoner now has evidence (which did not become available until long after completion of his appeal) that will conclusively prove that he did not write in the word “day.”
In the prisoner’s petition, he himself states:
“It should be noted that this correction was made in a sentence concerning the first time petitioner met one Helen Bristow. * * * Whether petitioner met Helen Bristow in the day or night was not a controverted issue. ’ ’
Thus, it is apparent that, whether the prisoner did or did not make that immaterial correction in the writing, did not relate to any matter material to any issue in the trial of the prisoner. Hence, evidence with respect thereto would not even have been admissible, if offered by the prisoner at his trial, to contradict the sheriff’s testimony with regard to that collateral matter. It is elementary that a witness may not be impeached by evidence that merely contradicts his testimony on a matter that is collateral and not material to any issue in the trial. Clinton v. State, 33 Ohio St., 27 (paragraphs four and five of the syllabus), 58 American Jurisprudence, 432, Section 783, 3 Wigmore on Evidence (3 Ed.), 654 et seq., Sections 1001, 1002 and 1003, 42 Ohio Jurisprudence, 402, Section 393. See Mimms v. State, 16 Ohio St., 221, 233, and State v. Cochrane, 151 Ohio St., 128, 135, 84 N. E. (2d), 742.

Petition dismissed.

Weygandt, C. J., Zimmerman, Taet, Bell, Herbert and Peck, JJ., concur.

However, our examination of the record indicates that there was abundant other evidence of such knowledge.