Per Curiam.

Petitioner urges that the count of his indictment relating to armed robbery was insufficient for the reason that it omitted the word, “unlawfully.” This count of the indictment read as follows:
“The jurors of the grand jury of said county, on their oaths, in the name and by the authority of the state of Ohio, do find and present that Willie George Boynton, Jr., late of said county, on or about the 15th day of August in the year of our Lord one thousand nine hundred and fifty-nine at the county of Delaware aforesaid, while armed with a dangerous weapon, to wit: a blackjack, by force or violence, or by putting in fear, did steal from the person of Robert Whitson, money of the value of $10, contrary to Section 2901.13 of the Revised Code of Ohio, and against the peace and dignity of the state of Ohio.”
Section 2901.13, Revised Code, reads as follows:
“No person, while armed with a pistol, knife, or other dangerous weapon, by force or violence, or by putting in fear, shall steal from the person of another anything of value.
“Whoever violates this section is guilty of armed robbery, and shall be imprisoned not less than ten nor more than twenty-five years.”
Section 2941.05, Revised Code, provides:
“In an indictment or information charging an offense, each court [count] shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may I)e in the words of the section of the Revised Code describing *528 the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.”
An examination of the indictment shows that it was in the words of the statute, that it contained every element of the crime as defined by the statute and was complete on its face.
It is well settled that where the statute defining the offense does not'use the word, “unlawfully,” it is not necessary to include such word in an indictment charging an offense under such statute. 169 A. L. R., 166; 42 Corpus Juris Secundum, 1030, Indictments, Section 136; Cabe v. State, 182 Ark., 49; State v. Parker, 132 Me., 137; and State v. Robbins, 66 Me., 324. The petitioner’s contention in this respect is not well taken.
Petitioner combines with the above argument a lack of allegation of intent. Intent is not, by the statute defining armed robbery, made a specific element of the crime, and where intent is not made an element of the offense it need not be averred. 28 Ohio Jurisprudence (2d), 441, Indictment and Information, Section 35. It has been held that in a prosecution for robbery the state does not “need to go into the question of intent on the part of the robbers because of the universal rule, as a presumption of fact, that the natural and probable consequences of every act deliberately done were intended by the person who did them.” State v. Sappienza, 84 Ohio St., 63, 70. This is not the type of act which without the statutory prohibition would be innocent in and of itself. It is an offense which is malum in se. Hildreth v. State, 215 Ark., 808, and 5 Wharton’s Criminal Law, 56, Section 26.
Furthermore, even if the intent to steal was a necessary allegation, it has been held, where, as here, the indictment alleges an actual stealing, that the intent to steal is necessarily included in such allegation of actual stealing. Turner v. State, 1 Ohio St., 422. The petitioner’s point in this respect is not valid.
As to the second count of the indictment, assault with intent to rape, petitioner alleges that the omission of the phrase, “upon the body of,” made such count insufficient to charge an offense. This count of the indictment read as follows:
“And the jurors of the grand jury aforesaid, at the time and place aforesaid, on their said oaths, in the name and by *529 the authority of the state of Ohio, do further find and present that said Willie George Boynton, Jr., late of said Delaware County, on or about the 15th day of August in the year of our Lord, one thousand nine hundred and fifty-nine at the county of Delaware aforesaid, unlawfully assaulted * * * with intent to rape said * * *, contrary to Section 2901.24 of the Revised Code of Ohio, and against the peace and dignity of the state of Ohio.”
Section 2901.24, Revised Code, reads as follows:
“No person shall assault another with intent to kill, or to commit robbery or rape upon the person so assaulted.
“Whoever violates this section shall be imprisoned not less than one nor more than fifteen years.”
Once again, with the exception of substituting the named person for the word, “another,” and the phrase, “upon the person,” this indictment was in the words of the statute as provided for in Section 2941.05, Revised Code, and followed the statutory form provided in Section 2941.07, Revised Code, for this offense. Every element of the offense described in the statute was set forth in the indictment, and the indictment on its face showed the person upon whom the rape was intended. Omission of the words, “upon the body of,” had no effect on the validity of the indictment.
Petitioner urges further that he requested a bill of particulars which was never furnished him. Assuming such request was made, it is doubtful whether such error could be reached in a habeas corpus proceeding, since it does not go to the jurisdiction of the court. However, since this issue is raised by the petitioner we will dispose of it.
Section 2941.07, Revised Code, provides in part: “The prosecuting attorney, if seasonably requested by the defendant, or upon order of the court, shall furnish a bill of particulars setting up specifically the nature of the offense charged.”
In State v. DeRighter, 145 Ohio St., 552, in the course of the opinion, at page 556, it is said: “Hence, it is clear that, the purpose of a bill of particulars is not to disclose the state’s evidence but simply to state specifically the nature of the offense charged. When this is stated in the indictment the accused is entitled to no bill of particulars * *
The purpose of an indictment is to inform the accused of *530 the nature of the offense with which he is charged. Holt v. State, 107 Ohio St., 307. If the indictment does this then the court does not abuse its discretion in failing to order a bill of particulars. With these rules in mind we will now consider the counts in the indictment.
Count one informed the petitioner that while armed with a dangerous weapon (a blackjack), and on a given date, August 15, 1959, in Delaware County (here the indictment told him where the offense was committed), he by force and violence or by putting in fear did steal (here petitioner was informed what he was accused of doing and how) from the person from whom he stole the money, naming the person and the amount he stole. Clearly, this count informed the petitioner of the specific nature of the offense charged, and failure to furnish him with a bill of particulars would not constitute prejudicial error even on an appeal.
Count two charged assault with intent to rape. This count told defendant when and where the offense was committed, named a specific person upon whom such assault was committed, indicated why it was allegedly committed and stated further that it was unlawfully committed. What more the petitioner was entitled to know is difficult to determine. Here again the failure to furnish a bill of particulars could not have been prejudicial to the petitioner.
The final complaint made by petitioner is that he was removed from the Delaware County Jail and taken to the Union County Jail where he was allegedly held incommunicado for 22 days. There is nothing in the record other than petitioner’s statement to substantiate this claim. The record does show that he was indicted, arraigned and tried in Delaware County. There is no question that petitioner was represented by counsel appointed for him by the court, and that he was tried and convicted by a jury. If this complaint were true, it related at most to an irregularity which did not affect the jurisdiction of the court and to one which is not reviewable in habeas corpus but only on appeal. Preliminary matters such as this are not matters for habeas corpus but may be urged only on appeal. 26 Ohio Jurisprudence (2d), 561, Habeas Corpus, Section 10, and Wharton’s Criminal Procedure, 460, Section 2227.
The petitioner has made no showing that he has been de *531 prived of any of his constitutional rights, or that there was any lack of jurisdiction in the trial court over either his person or the subject matter of the offense with which he was charged.

Petitioner remanded to custody.

Weygandt, G. J., Zimmerman, Tapt, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.