[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 180.]

THE STATE EX REL. JACKSON, APPELLANT, *v.* BRIGANO, WARDEN, APPELLEE.

[Cite as *State ex rel. Jackson v. Brigano*, 2000-Ohio-292.]

*Habeas corpus to compel relator's release from prison—Dismissal of petition affirmed.*

(No. 99-2001—Submitted February 9, 2000—Decided March 8, 2000.)

APPEAL from the Court of Appeals for Warren County, No. CA99-08-090.

————————————

{¶ 1} In March 1996, appellant, Mark A. Jackson, was indicted on four counts of felonious assault. In February 1997, the Hamilton County Court of Common Pleas convicted Jackson of two counts of felonious assault and accompanying specifications and sentenced him to a prison term of eight to fifteen years. On appeal, the court of appeals affirmed the judgment. *State v. Jackson* (July 22 and Sept. 24, 1998), Hamilton App. No. C-970201, unreported.

{¶ 2} In August 1999, Jackson filed a petition in the Court of Appeals for Warren County for a writ of habeas corpus to compel appellee, Warden Anthony J. Brigano, to immediately release him from prison. Jackson claimed that he was entitled to the writ because no criminal complaint had ever been filed against him charging him with the crimes of which he was ultimately convicted and he had been illegally arrested. Brigano filed a motion to dismiss, and in October 1999, the court of appeals granted Brigano's motion and dismissed the petition.

{¶ 3} This cause is now before the court upon an appeal as of right.

————————————

*Mark A. Jackson, pro se*.

*Betty D. Montgomery*, Attorney General, and *Mark J. Zemba*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

**{¶ 4}** Jackson asserts that the court of appeals erred in dismissing his habeas corpus petition. The court of appeals properly dismissed the petition because Jackson failed to state a claim upon which extraordinary relief in habeas corpus can be granted.

**{¶ 5}** Any alleged error caused by the failure to file a criminal complaint is not cognizable in habeas corpus because Jackson was convicted and sentenced upon an indictment. *State ex rel. Dozier v. Mack* (1999), 85 Ohio St.3d 368, 369, 708 N.E.2d 712, 713; *Thornton v. Russell* (1998), 82 Ohio St.3d 93, 94, 694 N.E.2d 464, 465.

**{¶ 6}** In addition, "it is now well established that even if an arrest is illegal it does not affect the validity of subsequent proceedings based on a valid indictment nor furnish [a] ground for release by habeas corpus after conviction." *Krauter v. Maxwell* (1965), 3 Ohio St.2d 142, 144, 32 O.O.2d 141, 142, 209 N.E.2d 571, 573; *State v. Fairbanks* (1972), 32 Ohio St.2d 34, 41, 61 O.O.2d 241, 246, 289 N.E.2d 352, 357.

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————