GOTEL, APPELLANT, *v.* GANSHEIMER, WARDEN, APPELLEE.

[Cite as *Gotel v. Gansheimer,* 116 Ohio St.3d 316, 2007-Ohio-6437.]

(No. 2007–1028—Submitted November 28, 2007—Decided December 13, 2007.)

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a habeas corpus petition. Because the petition failed to state a viable claim, we affirm.

{¶ 2} In 2005, the Lake County Court of Common Pleas convicted appellant, Daryl L. Gotel, of robbery and sentenced him to six years in prison. Gotel had

pleaded guilty to the indictment charge. On appeal, the court of appeals affirmed the judgment. *State v. Gotel,* Lake App. No. 2006–L–015, 2007-Ohio-888, 2007 WL 634407.

{¶ 3} In 2006, Gotel filed a petition for a writ of habeas corpus to compel appellee, Lake Erie Correctional Institution Warden Rich Gansheimer, to release him from prison. Gotel claimed that the trial court had lacked jurisdiction to convict and sentence him on the robbery charge because no criminal complaint on that charge had ever been filed in the municipal court before the case was transferred to the trial court. The warden filed a Civ.R. 12(B)(6) motion to dismiss the petition for failure to state a claim upon which relief can be granted. The court of appeals granted the motion and dismissed the petition.

{¶ 4} In his appeal as of right, Gotel claims that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, Gotel's claim lacks merit.

{¶ 5} Any defect resulting from the alleged failure to file a criminal complaint is not cognizable in habeas corpus, because Gotel was convicted and sentenced upon his guilty plea to an indictment, and the trial court had the requisite jurisdiction to try, convict, and sentence him upon the robbery offense. *Boylen v. Bradshaw,* 108 Ohio St.3d 181, 2006-Ohio-549, 842 N.E.2d 49, ¶ 5.

{¶ 6} Moreover, " '[t]he manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.' " *State ex rel. Nelson v. Griffin,* 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 6, quoting *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590.

{¶ 7} Therefore, we affirm the judgment of the court of appeals dismissing Gotel's petition.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Daryl L. Gotel, pro se.

Marc Dann, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.