[Cite as *State v. Porterfield*, 2013-Ohio-14.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-T-0039** |
| ERIC LEE PORTERFIELD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 00 CR 402.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Eric Lee Porterfield*, pro se, PID: A420502, Mansfield Correctional Institution, P.O. Box 788, Mansfield, OH 44901 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This accelerated-calendar appeal is from a final judgment of the Trumbull County Court of Common Pleas. Appellant, Eric Lee Porterfield, seeks reversal of the trial court's decision to deny his motion to rescind his plea agreement on the basis that it was a contract of adhesion.

{¶2} At the outset of the underlying criminal action, appellant was indicted on seven felony counts, including two charges of aggravated murder. After an elongated

pre-trial period, he entered into a plea agreement in which the state agreed to eliminate all death penalty specifications in the indictment. Appellant then entered a plea of guilty to five felony offenses, including the two aggravated murder counts and one attempted aggravated murder count.

{¶3} Upon accepting the guilty plea, the trial court ordered appellant to serve an aggregate prison term of 35 years to life, consistent with the terms of the plea agreement. Although appellant pursued a direct appeal from the sentencing judgment, his conviction and sentence were eventually upheld by the Supreme Court of Ohio in *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095.

{¶4} After the disposition of his Supreme Court appeal, appellant submitted a series of post-judgment motions before the trial court. In turn, the rulings on his motions led to the filing of six additional appeals before this court. However, notwithstanding the amount of his post-judgment litigation, appellant has not obtained any modification of his conviction or sentence.

{¶5} In April 2012, appellant moved the trial court to rescind his plea agreement for the reason that it was an illegal contract pursuant to the Uniform Commercial Code. In this motion, appellant did not make any specific assertions regarding the propriety of his plea agreement. Instead, he made a series of assertions which were not relevant to the underlying case. For example, he asserted that the laws of this state could only be enforced against corporate entities, not living persons. Appellant further asserted that the county prosecutor, trial judge, and his former counsel were employees of a foreign government.

{¶6} Within 15 days of receiving the motion to rescind, the trial court issued its

2

final judgment denying the motion on the basis that it had no merit. In appealing that decision to this court, appellant has raised three assignments of error for review:

**{¶7}** "[1.] The trial court erred by not accepting Appellant's Motion to Rescind all Adhesion Contracts (Nunc Pro Tunc) under U.C.C. 1-207 when the contract would not make the full term due to an unduly agreement.

**{¶8}** "[2.] The trial court erred by not accepting Appellant's Motion to Rescind all Adhesion Contracts (Nunc Pro Tunc) under U.C.C. 1-207 when the contract is void.

**{¶9}** "[3.] The trial court erred by not accepting Appellant's Motion to Rescind all Adhesion Contracts (Nunc Pro Tunc) under U.C.C. 1-207, when the contract is void due to the fraud of the court."

**{¶10}** Although worded in terms of a contract of adhesion, the first assignment of error actually raised a challenge to the trial court's subject matter jurisdiction. Appellant maintains that the trial court, as a common pleas court, lacked the authority to convict him because the original complaints against him in the municipal court failed to comply with the requirements of Crim.R. 3.

**{¶11}** As a general proposition, the lack of compliance with Crim.R. 3 will render void any ensuing conviction which is based upon the flawed complaint. *State v. Green*, 48 Ohio App.3d 121, 122 (11th Dist.1988). However, in this action, there is no dispute that appellant's ultimate conviction was not based upon the complaints in the municipal court; rather, the criminal proceeding against him was predicated upon an indictment which superseded the complaints. Under such circumstances, any actual defects in the complaints were harmless and had no effect upon the subject matter jurisdiction of the trial court. *See State v. Turner*, 3rd Dist. No. 1-11-01, 2011-Ohio-4348, ¶21. Therefore,

3

appellant's first assignment lacks merit.

{¶12} Again, while worded in terms of a contract of adhesion, appellant's second assignment also raises a question concerning the extent of the trial court's jurisdiction. He submits that the trial court lacked the authority to sentence him because, prior to his decision to plead guilty, he waived his right to a jury and agreed to be tried by a three-judge panel under R.C. 2945.06. According to appellant, this meant that he could only be sentenced by a three-judge panel, not by an individual judge.

{¶13} In interpreting R.C. 2945.06 and Crim.R. 11(C), the courts of this state have concluded that the requirement of a three-judge panel is not applicable when the criminal defendant is no longer charged with a crime that is punishable by death. *See, e.g., State v. West*, 9th Dist. No. 04CA008554, 2005-Ohio-990, ¶37. Hence, a three-judge panel is not mandated when the state has dismissed from the indictment all death penalty specifications pursuant to a plea agreement. *Id.*

{¶14} In the instant case, when the state agreed to eliminate all death penalty specifications, it meant that appellant was no longer charged with a capital offense. As a result, no jurisdictional violation occurred when his sentence was imposed by a single judge. For this reason, appellant's second assignment is without merit.

{¶15} Under his final assignment, appellant restates the argument that formed the basis of his motion to rescind. As noted above, the premise of his entire motion was that his conviction must be overturned because the laws of this state are inapplicable to any living person.

{¶16} Except for a vague reference to the Uniform Commercial Code, appellant has failed to adequately support his unique argument with citations to accepted legal

4

authorities. Pursuant to App.R. 16(A)(7), the party seeking reversal of the trial court's decision has burden of demonstrating the merits of his assignment through citations to legal authority and facts in the record. *See State v. Taylor*, 9th Dist. No. 2783-M, 1999 Ohio App. LEXIS 397, *8-9 (Feb. 9, 1999). In the absence of the necessary citations, an argument or assignment can be overruled without discussion. *Id.*

{¶17} As a separate point under this assignment, appellant argues that he was entitled to prevail on his motion to rescind because the state never submitted a brief in opposition. However, it must be noted that the Ohio Rules of Criminal Procedure do not provide for any form of a default judgment. *See State v. Hazel*, 10th Dist. Nos. 08AP-1002 and 08AP-1003, 2009-Ohio-2144, ¶12. Furthermore, even if the procedure for a default judgment under the Ohio Civil Rules was applicable to a post-judgment motion in a criminal action, a defendant would still not be entitled to a default judgment against the state unless he was able to demonstrate his right to relief "'by evidence satisfactory to the court.'" *Id.* at ¶13, quoting Civ.R. 55(D). In this case, appellant failed to carry his burden of showing that he was actually entitled to the requested relief. For this reason, appellant's third assignment is likewise without merit.

{¶18} Since each of appellant's three assignments is not well taken, it is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

MARY JANE TRAPP, J.,

concur.

5