[Cite as *State v. Moore*, 2013-Ohio-4491.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99360**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# WILBERT MOORE

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-553535 and CR-554116

**BEFORE:** S. Gallagher, J., Stewart, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**FOR APPELLANT**

Wilbert Moore, pro se
Inmate #620-551
P.O. Box 8107
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Marcus A. Henry
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Wilbert Moore appeals from his convictions for several drug-related offenses. Finding no merit to the appeal, we affirm the decision of the trial court.

{¶2} This appeal arises from two underlying cases, Cuyahoga C.P. Nos. CR-553535 and CR-554116. Appellant was indicted on several drug-related counts in each case. Following initial proceedings, appellant entered into a plea agreement with the state.

{¶3} In CR-553535, appellant pleaded guilty to one count of drug trafficking, a felony of the third degree, with forfeiture specifications, and the remaining counts were nolled. The trial court sentenced appellant to 36 months in prison. In CR-554116, appellant pleaded guilty to one count of drug trafficking, a felony of the fourth degree, with forfeiture specifications, and the remaining counts were nolled. The trial court sentenced appellant to 12 months in prison. The trial court also ordered appellant to serve the prison sentences concurrently.

{¶4} This court granted appellant leave to file a delayed appeal and granted appointment of counsel. Thereafter, appellant's counsel filed a motion to withdraw with an Anders brief in support. The motion was granted, and appellant was afforded time to submit a pro se brief. Appellant's brief raises five assignments of error for our review.

{¶5} Under his first three assignments of error, appellant argues that (1) the trial court erred in failing to hold a hearing on defense counsel's motion to withdraw as

counsel and denied him the right to the effective assistance of counsel; (2) the trial court erred in failing to hold a forfeiture hearing; and (3) the trial court erred in failing to compel the state to disclose the identity of a confidential informant. However, by entering a valid guilty plea, appellant made a complete admission of guilt and waived his right to raise these issues on appeal.

{¶6} The Ohio Supreme Court has held that a plea of guilty made pursuant to a plea agreement effectively waives all appealable errors, unless such errors are shown to have precluded the defendant from voluntarily entering his plea. *State v. Kelley*, 57 Ohio St.3d 127, 130, 566 N.E.2d 658 (1991).

{¶7} In this case, there is nothing in the record to suggest that appellant's plea was coerced or involuntarily entered. In fact, appellant represented at the plea hearing that he was satisfied with defense counsel's representation and that his plea was being entered of his own free will and desire. He also indicated that there had been no promises, threats, or other inducements that caused him to enter his plea. The record reflects that the trial court complied with the requirements of Crim.R. 11 and that appellant entered a valid guilty plea. Further, appellant was informed of the forfeiture during the plea colloquy, and as part of the plea bargain, he openly forfeited the agreed-upon items.

{¶8} Upon our review, we find that by entering a valid guilty plea, appellant waived his right to raise the alleged presentence errors. Appellant's first, second, and third assignments of error are overruled.

{¶9} Under his fourth assignment of error, appellant claims the trial court erred by failing to conduct a hearing into his alleged community control sanction violations. A review of the record reflects that during the plea colloquy, appellant indicated he was on probation at the time of the present offenses. The trial court advised appellant that he could face a sentence for any probation violation that could run consecutive to any sentence imposed for his plea in the case. However, during sentencing, the trial court did not reference or otherwise determine appellant to be a community control violator, nor did the court impose a sentence for any such violation. Therefore, we find no merit to the fourth assignment of error.

{¶10} Under his fifth assignment of error, appellant asserts that the trial court lacked subject matter jurisdiction for the case because there is no indication in the record of a criminal complaint that was made under oath pursuant to Crim.R. 3. However, the charges against appellant did not originate from a complaint, but rather, they were brought under two separate indictments that were properly before the trial court. "A criminal case may be instituted not only by a complaint, but also by an indictment or by information." *Richardson v. Winston*, 8th Dist. Cuyahoga No. 80425, 2001 Ohio App. LEXIS 5083 (Nov. 15, 2001); *see also* Crim.R. 3 and 7. Further, even if there had been a defect relating to the issuance of a criminal complaint, it would have been rendered harmless by the issuance of the indictment and had no effect upon the subject matter jurisdiction of the trial court. *See State v. Porterfield*, 11th Dist. Trumbull No. 2012-T-0039, 2013-Ohio-14, ¶ 11; *State v. Henderson*, 8th Dist. Cuyahoga No. 95655,

2012-Ohio-1040, ¶ 44. As the Ohio Supreme Court has recognized, the manner of charging an accused with a crime is procedural in nature, as opposed to jurisdictional, and the judgment on a conviction arising from an indictment is binding on the defendant. *Gotel v. Gansheimer*, 116 Ohio St.3d 316, 2007-Ohio-6437, 878 N.E.2d 1041, ¶ 6. Appellant's fifth assignment of error is overruled.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR