[Cite as *State v. Pudelski*, 2014-Ohio-1246.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100551**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JOHN PUDELSKI

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-99-375060

**BEFORE:** Keough, P.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** March 27, 2014

**APPELLANT**

John J. Pudelski, pro se
Inmate No. 379-995
Grafton Correctional Institution
2500 S. Avon-Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} This cause was heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, John Pudelski, appeals the trial court's decision denying his motion to vacate a void conviction. For the reasons that follow, we affirm the trial court's decision.

{¶2} In 1999, Pudelski was indicted by a Cuyahoga County Grand Jury in a two count indictment charging Count 1, aggravated murder with a death specification, and Count 2, murder, under the felony murder statute. Following a jury trial, Pudelski was convicted of Count 2 and was sentenced to a prison term of 15 years to life. His conviction and sentence were affirmed in *State v. Pudelski*, 8th Dist. Cuyahoga No. 77172, 2001 Ohio App. LEXIS 1150 (Mar. 15, 2001).

{¶3} Following an unsuccessful petiton for postconviction relief in the trial court and a dismissed writ of habeas corpus in the federal district court, Pudelski filed a motion to vacate a void conviction. He claimed that because no criminal complaint was filed with the court prior to the commencement of prosecution, the trial court lacked subject matter jurisdiction over his case. The trial court denied his motion.

{¶4} Pudelski appeals this decision, raising two assignments of error.

{¶5} Initially, we note that objections based upon lack of subject matter jurisdiction may be raised at any stage of the proceedings, and may even be raised for the first time on appeal. *In re Byard*, 74 Ohio St.3d 294, 296, 658 N.E.2d 735 (1996);

*Jenkins v. Keller*, 6 Ohio St.2d 122, 216 N.E.2d 379 (1966), paragraph five of the syllabus. We review the determination of subject matter jurisdiction de novo, without any deference to the trial court. *McClure v. McClure*, 119 Ohio App.3d 76, 79, 694 N.E.2d 515 (4th Dist.1997), citing *Burns v. Daily*, 114 Ohio App.3d 693, 702, 683 N.E.2d 1164 (11th Dist.1996)

{¶6} In his first assignment of error, Pudelski contends that the trial court erred in denying his motion to vacate a void conviction "due to lack of a complaint at the onset of the proceedings to establish subject matter jurisdiction for the court and to provide a case to be bound over to a grand jury; such lack of subject matter jurisdiction nullifying all subsequent proceedings."

{¶7} Succinctly stated, Pudelski claims that the trial court did not have subject matter jurisdiction because no criminal complaint was filed against him. While it is true that a complaint was not filed, Pudelski fails to recognize that he was indicted by a grand jury. *State v. Klingenberger*, 113 Ohio St. 418, 426, 149 N.E. 395 (1925) (noting that grand juries have plenary and inquisitorial powers and may lawfully, upon their own motion, originate charges against offenders).

{¶8} Moreover, as recently recognized by this court in *State v. Moore*, 8th Dist. Cuyahoga No. 99360, 2013-Ohio-4491, a criminal case may be brought by indictment, which is procedural — not jurisdictional.

> "A criminal case may be instituted not only by a complaint, but also by an indictment or by information." *Richardson v. Winston*, 8th Dist. Cuyahoga No. 80425, 2001-Ohio-4145, [* * *] *see also* Crim.R. 3 and 7. Further, even if there had been a defect relating to the issuance of a criminal

complaint, it would have been rendered harmless by the issuance of the indictment and had no effect upon the subject matter jurisdiction of the trial court. *See State v. Porterfield*, 11th Dist. Trumbull No. 2012-T-0039, 2013-Ohio-14, ¶ 11; *State v. Henderson*, 8th Dist. Cuyahoga No. 95655, 2012-Ohio-1040, ¶ 44. As the Ohio Supreme Court has recognized, the manner of charging an accused with a crime is procedural in nature, as opposed to jurisdictional, and the judgment on a conviction arising from an indictment is binding on the defendant. *Gotel v. Gansheimer*, 116 Ohio St.3d 316, 2007-Ohio-6437, 878 N.E.2d 1041, ¶ 6.

*Id.* at ¶ 10.

{**¶9**} Accordingly, Pudelski's first assignment of error is overruled.

{**¶10**} In his second assignment of error, Pudelski contends that the trial court erred in denying his motion to vacate a void conviction because

Count 2 of the indictment, the count defendant was convicted of, does not contain all the essential elements of the crime charged and is ambiguous as to what the underlying felony is and as such does not charge a crime rendering it void for lack of subject matter jurisdiction and thus unable to be the charging instrument in defendant's conviction.

{**¶11**} Section 10, Article I of the Ohio Constitution guarantees every defendant the right to know the "nature and cause of the accusation against him." The primary purpose of a charging instrument in a criminal prosecution is to inform the defendant of the nature of the offense with which he is charged. *State v. Thacker*, 4th Dist. Lawrence No. 04CA5, 2004-Ohio-3978, ¶ 10, citing *State v. Lindway*, 131 Ohio St. 166, 182, 2 N.E.2d 490 (1936); *Holt v. State*, 107 Ohio St. 307, 311, 140 N.E. 349 (1923). Therefore, an indictment, affidavit, or complaint must set forth all the essential elements of the crime charged or it is invalid. *Id.*, citing *State v. Burgun*, 49 Ohio App.2d 112, 116, 359 N.E.2d 1018 (8th Dist.1976).

**{¶12}** In this case, Count 2 (felony murder) of the indictment read, in pertinent part, Pudelski "unlawfully did cause the death of [the victim], as a proximate result of the offender committing or attempting to commit an offense of violence that is a felony of the first or second degree, to wit:  Felonious Assault."  Pudelski contends that because the elements of felonious assault were not identified in the indictment and no separate count of felonious assault was charged, this failure rendered the indictment ambiguous and vague.

**{¶13}** We first note that Pudelski did not raise this argument with the trial court in his motion to vacate.  Additionally, he failed to make any challenge regarding his indictment prior to trial; thus, waiving any argument on appeal.  *State v. Yates,* 8th Dist. Cuyahoga No. 96774, 2012-Ohio-919, ¶ 57, citing *State v. Myers*, 2d Dist. Darke No. 1643, 2006-Ohio-1604, ¶ 45 ("defects in an indictment, such as * * * vagueness, must be raised prior to trial or the issue is waived"); *see also* Crim.R. 12(C)(2); R.C. 2941.29.

**{¶14}** However, because Pudelski makes this argument under the guise of "lack of subject mattter jurisdiction," this court will address the merits of the assignment of error. Even so addressing the merits, Pudelski's argument is not well taken.  This court has repeatedly held that in an indictment for felony murder that predicates itself on an underlying offense, specification of the underlying felony is not required.  *See State v. Duncan*, 8th Dist. Cuyahoga No. 87220, 2006-Ohio-5009, ¶ 28; *State v. Jones*, 8th Dist. Cuyahoga No. 80737, 2002-Ohio-6045; *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20; *see also* R.C. 2941.14(A).  An indictment that tracks the language of the

statute is not defective.  *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, at paragraph one of the syllabus, citing *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162

{¶15} In this case, Count 2 of the indictment tracked the language of R.C. 2903.02(B), felony murder, and  specified the underlying felony, to wit: felonious assault.   Accordingly, it follows that any further identification of the elements of felonious assault was not required under R.C. 2941.14(A), and Count 2 of the indictment properly charged felony murder.  *See Horner* at paragraph one of the syllabus ("because the indictment follows the wording of the statute, the indictment is proper").

{¶16} Pudelski's second assignment of error is overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR