[Cite as *State v. Clark*, 2018-Ohio-794.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0081** |
| RICHARD A. CLARK, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CR 225.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Richard A. Clark*, pro se, PID: A644-839, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Rd., Marion, OH 43302 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Richard A. Clark, appeals the trial court's denial of his "motion to vacate" his underlying convictions. We affirm.

{¶2} Clark raises three assigned errors, addressed collectively:

{¶3} "[1] The trial court lacked subject matter jurisdiction over said case because the charging instruments were never properly filed. And without a properly filed 'criminal

complaint' the trial court could not have had subject matter jurisdiction/jurisdiction, which makes the judgment/conviction void and illegal and should be dismissed [*sic*].

{¶4} "[2] The trial court abused its discretion by failing to dismiss appellant's case with prejudice, based on the fact that the 'criminal complaint' had never been filed in said case. So there could never have been a bindover from the Municipal Court [*sic*] in violation of Appellant's Constitutional right[s] per Amendments 4, 5, 6, 14 to the United States. Which [*sic*] makes the judgment/conviction void and illegal and should be dismissed.

{¶5} "[3] The trial court abused its discretion by litigating a matter with which the trial court/appellees had presumed knowledge that no 'bindover' had [taken] place from the Municipal Court to the Common Pleas Court of Trumbull County of Ohio to invoke the subject matter jurisdiction/jurisdiction of the trial court itself. [*sic*] Which is a Constitutional Violation of Amendments 4, 5, 6, 14 to the United States. [*sic*] Because there was never a properly filed 'criminal complaint' which makes the judgment/conviction void and illegal and should be dismissed."

{¶6} A criminal defendant's "motion to vacate" a conviction filed after a direct appeal constitutes a petition for postconviction relief. *State v. Netter,* 10th Dist. Franklin No. 14AP-544, 2014-Ohio-5668, ¶7, citing *State v. Draughon,* 10th Dist. Franklin No. 13AP-345, 2014-Ohio-1460, citing *State v. Bankston,* 10th Dist. Franklin No. 13AP-250, 2013-Ohio-4346, ¶7. When an appellant's postconviction challenges to his conviction raise purely legal issues, we review the matter de novo. *Id.*

{¶7} Clark was indicted by the Trumbull County Grand Jury in April of 2013. The indictment charged him with three offenses, i.e., aggravated murder, aggravated robbery,

and possession of heroin. Clark pleaded not guilty, and the state, with the court's permission, dismissed the possession of heroin charge.

{¶8} Following a jury trial in September 2013, Clark was convicted of aggravated murder and aggravated robbery, both first-degree felonies. He was sentenced to life without the possibility of parole for the aggravated murder and a consecutive sentence of 10 years for the aggravated robbery. We affirmed his convictions in his direct appeal. *State v. Clark,* 11th Dist. Trumbull No. 2013-T-0106, 2014-Ohio-5704.

{¶9} In July 2017, Clark filed a pro se motion to vacate his convictions alleging they are void because the trial court lacked jurisdiction since there was never a properly filed criminal complaint setting forth the charges against him before his case was bound over from the municipal court to the Trumbull County Court of Common Pleas. Clark does not challenge the validity of his indictment, but maintains the trial court lacked jurisdiction due to a lack of a criminal complaint.

{¶10} Contrary to Clark's arguments, however, a complaint is not required to invoke a court's jurisdiction. Crim.R. 7(A) states in part:

{¶11} "A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right in writing and in open court."

{¶12} Crim.R. 7(B) sets forth the requisite content and nature of an indictment, which, among other things, must include the charges against an individual, including the "numerical designation of the statute that the defendant is alleged to have violated * * *."

3

{¶13} In *Gotel v. Gansheimer*, 11th Dist. Ashtabula No. 2006-A-0087, 2007-Ohio-2311, ¶8, *aff'd*, 116 Ohio St.3d 316, 2007-Ohio-6437, 878 N.E.2d 1041, we addressed a nearly identical argument raised by Gotel, who claimed he was never formally charged via a criminal complaint, and thus argued that the trial court lacked jurisdiction to hear the charges against him. We rejected his argument, however, explaining,

{¶14} "petitioner's theory as to the proper method for asserting criminal charges conflicts with the elementary provisions of the Ohio Rules of Criminal Procedure. In applying Crim.R. 3, 4.1, 6, and 7, the courts of this state have concluded that a complaint is only one means for instituting a criminal action, and that charges can also be brought by an indictment or information. * * * In regard to this basic point, it has also been emphasized that, pursuant to R.C. 2931.03, a common pleas court has *original* jurisdiction over all crimes except for certain minor offenses; thus, the filing of a proper indictment through the grand jury is sufficient to invoke that court's jurisdiction. *Peters v. Anderson,* 9th Dist. No. 02CA008096, 2002-Ohio-6766." (Emphasis sic.) *Id.*; *see, also Thornton v. Russell,* 82 Ohio St.3d 93, 694 N.E.2d 464 (1998) (finding defects in the criminal complaint filed in municipal court inconsequential because the petitioner was convicted and sentenced on the indictment).

{¶15} Like *Gotel*, the common pleas court's jurisdiction over the charges against Clark is based on the indictment, and the charges against him in the municipal court, if any, are of no significance to the jurisdiction of the court of common pleas. *Gotel, supra,* at ¶11; *State ex rel. Jackson v. Brigano,* 88 Ohio St.3d 180, 2000-Ohio-292, 724 N.E.2d 424; *State v. Gaitor*, 7th Dist. Mahoning No. 13MA189, 2014-Ohio-4010, ¶15-17.

{¶16} Accordingly, Clark's assigned errors lack merit and are overruled.

4

{¶17} The trial court's decision is affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.