[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Kinney*, Slip Opinion No. 2020-Ohio-6822.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-6822

THE STATE OF OHIO, APPELLEE, *v.* KINNEY, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Kinney*, Slip Opinion No. 2020-Ohio-6822.]

*Judgment reversed on the authority of* State v. Patrick *and cause remanded for further proceedings.*

(No. 2019-1103—Submitted July 7, 2020—Decided December 22, 2020.)

APPEAL from the Court of Appeals for Belmont County,

No. 18 BE 11, 2019-Ohio-2704.

_____

{¶ 1} The judgment of the Seventh District Court of Appeals is reversed, and the cause is remanded to that court for further proceedings consistent with our opinion in *State v. Patrick*, ___ Ohio St.3d ___, 2020-Ohio-6803, ___N.E.3d ____.

O'CONNOR, C.J., and FRENCH, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., dissents and would dismiss the appeal as having been improvidently accepted.

FISCHER, J., dissents, with an opinion joined by DEWINE, J.

_____

**FISCHER, J., dissenting.**

{¶ 2} Today, in *State v. Patrick*, ___ Ohio St.3d ___, 2020-Ohio-6803, ___N.E.3d ____, ¶ 17, this court holds that R.C. 2953.08(D)(3) does not preclude other potential avenues of appellate review, including constitutional challenges. In this case, we are asked a different question about that same statute: is R.C. 2953.08(D)(3) unconstitutional under the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution?

{¶ 3} The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Ohio Constitution contains similar language prohibiting cruel and unusual punishment. Article 1, Section 9, Ohio Constitution ("Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted").

{¶ 4} As the text of each Constitution makes clear, the focus of these provisions is punishment, not procedure. Specifically, these provisions prevent the government from employing "cruel" and "unusual" *methods* when punishing an offender. *See Bucklew v. Precythe*, ___ U.S. ___, ___, 139 S.Ct. 1112, 1122-1124, 203 L.Ed.2d 521 (2019); *Harmelin v. Michigan*, 501 U.S. 957, 979, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *Holt v. State*, 107 Ohio St. 307, 314, 140 N.E. 349 (1923), citing *Wilkerson v. Utah*, 99 U.S. 130, 135-136, 25 L.Ed. 345 (1878).

{¶ 5} Notably, when it is warranted, the United States Supreme Court has approved of imposing the penalty that was imposed in this case: life imprisonment without the possibility of parole for an adult offender. *See Harmelin*.

{¶ 6} Against this backdrop, what Kinney basically argues here is that R.C. 2953.08(D)(3) is unconstitutionally cruel because it is procedurally unusual. But, no matter how anomalous R.C. 2953.08(D)(3) is, *see* brief of amici curiae Ohio Public Defender and National Association of Criminal Defense Lawyers, 3-4, fn. 3

2

(cataloging the procedures in other states), that fact alone does not render this specific provision unconstitutional under either the Eighth Amendment to the United States Constitution or Article I, Section 9 of the Ohio Constitution.

{¶ 7} To be sure, the United States Supreme Court has held that the Eighth Amendment requires additional procedures prior to imposing certain forms of punishment, e.g., the death penalty, *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976), or life sentences for juvenile offenders, *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d. 407 (2012); however, in this context, in which the punishment is life imprisonment without the possibility of parole for an adult offender, those additional procedures, like appellate review, are not required. *Harmelin* at 994-996; *see also Woodson* at 305 ("the penalty of death is qualitatively different from a sentence of imprisonment").

{¶ 8} In fact, I am comfortable saying that neither the Eighth Amendment nor Article 1, Section 9 of the Ohio Constitution requires appellate review in this context, because there is generally no constitutional right to appeal a criminal sentence. *Ross v. Moffit*, 417 U.S. 600, 611, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) ("it is clear that the State need not provide any appeal at all"); *State v. Smith*, 80 Ohio St.3d 89, 97-98, 684 N.E.2d 668 (1997). Instead, it is up to each state to decide when such an appeal is available by either rule or statute. *McKane v. Durston*, 153 U.S. 684, 688, 14 S.Ct. 913, 38 L.Ed. 867 (1894) ("whether an appeal should be allowed, and, if so, under what circumstances, or on what conditions, are matters for each state to determine for itself").

{¶ 9} Precluding individuals from appealing a sentence for murder or aggravated murder is thus not a question of punishment (cruel, unusual, or otherwise), but rather a question of policy. As such, the General Assembly is in the best position to address the wisdom of this particular law and its underlying policy. *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d

420, ¶ 113 ("the General Assembly is responsible for * * * making policy decisions").

{¶ 10} Accordingly, I would hold that R.C. 2953.08(D)(3) is not a form of cruel and unusual punishment under either the Eighth Amendment to the United States Constitution or Article 1, Section 9 of the Ohio Constitution, and I would affirm the judgment of the Seventh District Court of Appeals.

{¶ 11} Because the court does otherwise through its entry, I respectfully dissent.

DeWINE, J., concurs in the foregoing opinion.

_____

David A. Yost, Attorney General, Benjamin M. Flowers, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor General, and Diane R. Brey, Deputy Solicitor General; and Daniel P. Fry, Belmont County Prosecuting Attorney, and J. Kevin Flanagan, Chief Assistant Prosecuting Attorney, for appellee.

Gagin Legal Services, L.L.C., and Christopher J. Gagin, for appellant.

Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Public Defender, urging reversal for amicus curiae Ohio Public Defender.

Pinales, Stachler, Young & Burrell Co., L.P.A., and Stephanie F. Kessler; and Kristina Supler, urging reversal for amicus curiae National Association of Criminal Defense Lawyers.

_____