[Cite as *State v. Garner*, 2016-Ohio-5785.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-041** |
| SHURMALE LAMAR GARNER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000174.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Shurmale Lamar Garner,* pro se, PID# A522-147, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Shurmale Lamar Garner, appeals from the Judgment Entry of the Lake County Court of Common Pleas, denying his Motion to Correct Clerical Error. The issue to be decided in this case is whether a trial court commits a clerical error when stating the sentence in a judgment entry in different

wording than at the sentencing hearing. For the following reasons, we affirm the decision of the court below.

{¶2} On June 16, 2006, the Lake County Grand Jury returned a three count indictment against Garner. Garner was charged with Trafficking in Cocaine (Count One), a felony of the first degree, in violation of R.C. 2925.03(A)(2); Possession of Cocaine (Count Two), a felony of the first degree, in violation of R.C. 2925.11; and Possessing Criminal Tools (Count Three), a felony of the fifth degree, in violation of R.C. 2923.24. Counts One and Two had accompanying Major Drug Offender and Forfeiture Specifications.

{¶3} Following a jury trial, Garner was convicted of Counts One and Two and acquitted of Count Three.

{¶4} After a sentencing hearing, the court issued a February 1, 2007 Judgment Entry of Sentence. Garner was sentenced to ten years imprisonment on Count One, and ten years on Count Two, to be served concurrently, and was ordered to serve an additional term of three years on each Major Drug Offender specification, concurrent with each other, but consecutive with the ten-year prison term for the underlying offenses, for a total term of thirteen years.

{¶5} Garner filed a direct appeal, challenging various issues relating to his confession, jury polling, sufficiency of the evidence, and his sentence under the Major Drug Offender specification. This court affirmed the convictions and sentence. *State v. Garner*, 11th Dist. Lake No. 2007-L-041, 2007-Ohio-5914.

{¶6} On June 18, 2010, Garner filed a Motion to Vacate and Correct Void Judgment with the trial court, which was denied. This denial was affirmed by this court in *State v. Garner,* 11th Dist. Lake No. 2010-L-111, 2011-Ohio-3426.

{¶7} On March 21, 2016, Garner filed a Motion to Correct Clerical Error Pursuant to Crim.R. 36. He argued that the court's sentencing entry did not accurately reflect the decision it made at the sentencing hearing, in that the entry sentenced him to three additional years. The State filed its response on April 1, 2016.

{¶8} The trial court issued a Judgment Entry on April 11, 2016, in which it found that there was no error in the sentencing entry.

{¶9} Garner timely appeals and raises the following assignment of error:

{¶10} "The trial court erred and violated the defendant's Fourteenth and Eighth Amendment constitutional rights when it denied his motion to correct clerical error pursuant to Crim.R. 36."

{¶11} Garner argues that it was an error to state in the Judgment Entry of Sentence that he was to serve a thirteen year term of incarceration, since this "was never discussed or ordered by the court during the sentencing hearing."

{¶12} The State argues that the sentence imposed in the Judgment Entry was the same as at the sentencing hearing and there is no clerical error to correct.

{¶13} Crim.R. 36, which governs nunc pro tunc judgment entries in criminal cases, provides: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." The Ohio Supreme Court has acknowledged that "a trial court can correct clerical errors in judgments." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d

3

353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19; *State v. McAdams*, 11th Dist. Lake No. 2010-L-012, 2011-Ohio-157, ¶ 18. "Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, 'nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided."'" (Citations omitted). *Cruzado* at ¶ 19.

{¶14} As an initial matter, this court has held that a challenge to an error occurring at a sentencing hearing or in a sentencing judgment should be raised on direct appeal, rather than through a request for a nunc pro tunc entry. *State v. Grenter*, 11th Dist. Ashtabula No. 2011-A-0013, 2011-Ohio-6003, ¶ 9-12 (the defendant "could have raised any issue regarding his conviction, the substance of the sentence, and the sentencing entry, or the sentencing hearing itself, on direct appeal; that would have been the proper time and vehicle").

{¶15} To the extent that Garner believes the sentencing entry inaccurately states the sentence the court intended to give him based on a review of the sentencing hearing transcript, there is no reason why this could not have been raised in his direct appeal. He did contend that the additional three-year specification was improper, an argument denied by this court in *Garner*, 2007-Ohio-5914, at ¶ 87, but failed to raise the present alleged error, which would have been evident at the time of the direct appeal.

{¶16} Regardless, a review of the record reveals no error that warranted correction by the trial court. At the sentencing hearing, the trial court stated Garner's sentence as follows: "[I]t is the sentence of this Court on Count One that you will serve a term of ten years. Regarding the specification you will serve a term of three years. On

4

Count Two you will serve a term of ten years and a specification of three years. The sentences are to run concurrent."

{¶17} While not specifically stated as such, it did appear that the court sentenced Garner to a 13-year total term, with a 13-year term for Count One and the specification to be served concurrently with the same sentence for Count Two. This is the total sentence ordered in the Judgment Entry of Sentence as well, albeit stating it a bit differently, ordering that Garner "serve a stated prison term of ten years in prison on Count One * * * and ten years in prison on Count Two" with "said prison terms [to] be served concurrent to each other," and then ordering that Garner serve a term of "three years on Count One and three years on Count Two, concurrent to each other" and "consecutive to the ten year term." This also resulted in a 13-year term, accurately reflecting the total sentence that appears to have been given at the hearing. This does not constitute a clerical error and this court has declined to presume a clerical error exists in the absence of conclusive evidence that this is the case. *State v. Sawyer*, 11th Dist. Portage No. 2011-P-0003, 2012-Ohio-5119, ¶ 10. Further, even if the difference in the explanation of the sentence was construed as inaccurate or improper, such error would be harmless as it did not impact the length of Garner's sentence. *State v. O'Neal*, 9th Dist. Medina No. 12CA0032-M, 2012-Ohio-5564, ¶ 13.

{¶18} Garner also appears to argue that the imposition of a 13-year sentence would be improper because it would have required consecutive sentencing findings that were not made. As noted above, this is an argument that should have been raised on direct appeal and it does not provide a basis for ordering that a nunc pro tunc entry be issued. *Grenter*, 2011-Ohio-6003, at ¶ 9-12.

5

{¶19} The sole assignment of error is without merit.

{¶20} For the foregoing reasons, the Judgment Entry of the Lake County Court of Common Pleas, denying Garner's Motion to Correct Clerical Error, is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.