[Cite as *State v. Garner*, 2017-Ohio-7814.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-037** |
| SHURMALE LAMAR GARNER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000174.

Judgment: Affirmed.

*Charles Coulson,* Lake County Prosecutor, and *Anna C. Kelley,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Shurmale Lamar Garner,* pro se, PID# A522-147, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Shurmale Lamar Garner, appeals from the Judgment Entry of the Lake County Court of Common Pleas, denying his postconviction petition. The issues to be decided in this case are whether a claim regarding the constitutionality of a statute is untimely and barred by res judicata when it is raised over nine years after the defendant's conviction; whether a sentence for drug possession and trafficking is void when the police did not test the cocaine for purity, and whether

counsel must be appointed when the defendant's claims lack merit on their face. For the following reasons, we affirm the decision of the court below.

{¶2} On June 16, 2006, Garner was indicted for three drug-related offenses. Following a jury trial, Garner was convicted of Trafficking in Cocaine, a felony of the first degree, in violation of R.C. 2925.03(A)(2), and Possession of Cocaine, a felony of the first degree, in violation of R.C. 2925.11, as well as accompanying specifications. In a February 1, 2007 Judgment Entry of Sentence, Garner was sentenced to a total prison term of thirteen years.

{¶3} In his direct appeal, Garner raised issues relating to his confession, jury polling, sufficiency of the evidence, and his sentence. This court affirmed the convictions and sentence. *State v. Garner*, 11th Dist. Lake No. 2007-L-041, 2007-Ohio-5914.

{¶4} On June 18, 2010, Garner filed a Motion to Vacate and Correct Void Judgment, raising concerns with the jury verdict forms, which the trial court denied. This denial was affirmed in *State v. Garner*, 11th Dist. Lake No. 2010-L-111, 2011-Ohio-3426.

{¶5} Garner's March 21, 2016 Motion to Correct Clerical Error Pursuant to Crim.R. 36, alleging a sentencing error, was also denied by the trial court. That judgment was affirmed in *State v. Garner*, 11th Dist. Lake No. 2016-L-041, 2016-Ohio-5785.

{¶6} On January 3, 2017, Garner filed a Petition for Post-Conviction (Evidentiary Hearing) [sic], in which he argued, inter alia, that a recent Ohio Supreme Court case, *State v. Gonzales*, ___ Ohio St.3d ___, 2016-Ohio-8319, ___ N.E.3d ___,

2

rendered his conviction void, since it required that only pure cocaine be measured to determine the amount in a defendant's possession, which did not occur in his case. The State filed a Response in opposition.

{¶7} In a January 27, 2017 Judgment Entry, the trial court denied Garner's petition as untimely filed.

{¶8} Garner timely appeals and raises the following assignments of error:

{¶9} "[1.] The appellant's imprisonment violates the U.S. Constitution where he's imprisoned on statutes that are void for vagueness.

{¶10} "[2.] The common pleas court was required via R.C. § 120.06(A)(3) and the Sixth Amendment to appoint counsel on valid claims.

{¶11} "[3.] The appellant's sentence should be considered void because his sentence does not comply with mandatory language of the statutes [in violation] of the Fourteenth Amendment."

{¶12} Pursuant to R.C. 2953.21(A)(1)(a), a convicted defendant "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States," may file a postconviction petition "stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶13} Generally, an appellate court reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Hendrix,* 11th Dist. Lake No. 2012-L-080, 2013-Ohio-638, ¶ 7. This court has held, however, in cases

3

where the trial court denies a petition without a hearing, a de novo standard of review applies. *State v. Henry*, 11th Dist. Lake No. 2008-L-178, 2010-Ohio-1446, ¶ 51.

{¶14} The assignments of error will be considered out of order for ease of discussion.

{¶15} As an initial matter, we note that the trial court dismissed Garner's petition as untimely. A postconviction petition filed under R.C. 2953.21(A)(1) "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." R.C. 2953.21(A)(2). To avoid application of this time requirement, the petitioner must show either: (1) that he was unavoidably prevented from timely discovering the facts on which the petition is based; or (2) that the United States Supreme Court has recognized a new, retroactive federal or state right that applies to the petitioner's case. R.C. 2953.23(A)(1)(a). If one of these applies, then the petitioner must show that, "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).

{¶16} In his first assignment of error, Garner argues that the statute under which he was convicted for Possession of Cocaine, R.C. 2925.11, was void for vagueness and that he was denied due process since the statute did not provide that fillers could be measured to establish the amount of cocaine a defendant possesses.

{¶17} As noted above, a petition must be filed within one year of the filing of the trial transcript in the direct appeal to be timely. Garner's petition was submitted over nine years after the transcript was filed. The exceptions to the timeliness requirement discussed above do not apply here, since Garner was not prevented from discovering

4

necessary facts, nor does he set forth a right that applies retroactively. As to this argument, the petition is untimely.

{¶18} Even if this claim was not untimely, it would be barred by the doctrine of res judicata, under which a defendant is precluded from "raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial * * *" or on direct appeal. *State v. Hobbs*, 11th Dist. Lake No. 2010-L-064, 2011-Ohio-1298, ¶ 39, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996). *Also State v. McCaleb*, 11th Dist. Lake No. 2004-L-003, 2005-Ohio-4038, ¶ 19 (applying res judicata in postconviction proceedings). Claims relating to "constitutionality of a statute or its application" which were not previously raised are also waived. *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus; *State v. Jeffries*, 182 Ohio App.3d 459, 2009-Ohio-2440, 913 N.E.2d 493, ¶ 49 (11th Dist.). Garner failed to raise this argument at the trial court level at the time of his conviction or in his direct appeal and it will not be considered now.

{¶19} The first assignment of error is without merit.

{¶20} In his third assignment of error, Garner argues that the Supreme Court's holding in *State v. Gonzales*, ___ Ohio St.3d ___, 2016-Ohio-8319, ___ N.E.3d ___, that filler material should be excluded when weighing cocaine, renders his sentence void. He contends that the purity of the cocaine in his case was not determined, which impacted the level of offense with which he was charged and his ultimate sentence.

{¶21} Initially, there is again a timeliness issue. Garner does not satisfy the exceptions to the 365 day requirement as provided in R.C. 2953.23(A)(1)(a). His

5

argument does not relate to a new discovery of facts, nor does he show any new "right" that has been created by the United States Supreme Court. Rather, he points only to an Ohio Supreme Court case which changed the way a statute was interpreted and applied. Such an exception is not provided for in R.C. 2953.23(A)(1)(a).

{¶22} Furthermore, we emphasize that the initial *Gonzales* opinion was swiftly vacated and is no longer the law of Ohio. On December 23, 2016, the Ohio Supreme Court issued its opinion in *Gonzales*, holding that "in prosecuting cocaine-possession offenses under R.C. 2925.11(C)(4)(b) through (f) involving mixed substances, the state must prove that the weight of the actual cocaine, excluding the weight of any filler materials, meets the statutory threshold." *Id.* at ¶ 22. However, on March 6, 2017, the Supreme Court granted reconsideration of its decision and held that "the applicable offense level for cocaine possession under R.C. 2925.11(C)(4) is determined by the total weight of the drug involved, including any fillers that are part of the usable drug." *State v. Gonzales*, ___ Ohio St.3d ___, 2017-Ohio-777, ___ N.E.3d ___, ¶ 18. In any event, Garner has failed to provide grounds to find his conviction and sentence void under this assignment.

{¶23} The third assignment of error is without merit.

{¶24} In his second assignment of error, Garner argues that he was entitled to have counsel appointed to represent him on his petition for postconviction relief.

{¶25} An offender is not automatically entitled to representation in postconviction proceedings. *State v. Crowder*, 60 Ohio St.3d 151, 573 N.E.2d 652 (1991), paragraph one of the syllabus ("an indigent petitioner does not have a state or a federal constitutional right to representation by an attorney in a postconviction proceeding").

6

{¶26} The Ohio Supreme Court has held that a petitioner is entitled, pursuant to R.C. 120.16(A)(1) and (D), to representation by a public defender at a postconviction proceeding "if the public defender concludes that the issues raised by the petitioner have arguable merit." *Id.* "[W]hen a trial court determines that a petitioner is entitled to a hearing on his postconviction relief petition pursuant to R.C. 2953.21, it must notify the public defender of the impending hearing who then, in his discretion, may represent the petitioner if he opines the petition sets forth issues having 'arguable merit.'" *State v. Giles*, 11th Dist. Portage No. 97-P-0022, 1997 WL 752619, * 3 (Nov. 28, 1997), citing R.C. 120.16(D); *Crowder* at 152-153.

{¶27} However, this court has explained that "the indigent petitioner bears the initial burden to show in the petition that he is entitled to a hearing" and, if the petitioner fails to make such a showing, "the court is not required to notify the public defender, nor is the public defender obligated to prosecute the petition." *Giles* at * 3; *State v. Dudley*, 11th Dist. Trumbull No. 99-T-0166, 2000 WL 1876778, * 6 (Dec. 22, 2000).

{¶28} The test for whether an evidentiary hearing must be held is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case. R.C. 2953.21(D); *State v. Grega*, 11th Dist. Ashtabula No. 2014-A-0052, 2015-Ohio-946, ¶ 16. Here, Garner failed to make a showing that he was entitled to an evidentiary hearing, for the reasons discussed above, including that his claims were either time-barred, barred by the doctrine of res judicata, or based on an application of case law that was vacated. Since Garner did not demonstrate he was entitled to an evidentiary hearing "the trial court had

7

no duty to refer this matter to the public defender's office, and appellant was not entitled to appointment of counsel to assist him in his postconviction proceeding." *Dudley* at * 6.

{¶29} The second assignment of error is without merit.

{¶30} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, denying Garner's postconviction petition, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.