[Cite as *State v. Garner*, 2018-Ohio-4661.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2018-L-057 |
| SHURMALE LAMAR GARNER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000174.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Jennifer A. McGee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Shurmale Lamar Garner*, pro se, PID# A522-147, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Shurmale Lamar Garner, appeals from the Judgment Entry of the Lake County Court of Common Pleas, denying his Motion to Nullify the court's sentence. The issue to be decided in this case is whether an alleged inconsistency in the stated sentence at the sentencing hearing and in the trial court's judgment entry is properly raised before this court over eleven years after the defendant was sentenced and when the issue has previously been considered by this court. For

the following reasons, we affirm the decision of the court below.

{¶2} On June 16, 2006, Garner was indicted for three drug-related offenses. Following a jury trial, Garner was convicted of Trafficking in Cocaine, a felony of the first degree, in violation of R.C. 2925.03(A)(2), and Possession of Cocaine, a felony of the first degree, in violation of R.C. 2925.11, as well as accompanying specifications.

{¶3} After a sentencing hearing, the court issued a February 1, 2007 Judgment Entry of Sentence. Garner was sentenced to ten years imprisonment on Count One, and ten years on Count Two, to be served concurrently, and was ordered to serve an additional term of three years on each Major Drug Offender specification, concurrent with each other, but consecutive with the ten-year prison term for the underlying offenses, for a total term of thirteen years.

{¶4} In his direct appeal, this court affirmed the convictions and sentence. *State v. Garner*, 11th Dist. Lake No. 2007-L-041, 2007-Ohio-5914. He filed a subsequent appeal from the denial of his Motion to Vacate and Correct Void Judgment, raising concerns with the jury verdict forms, which this court again affirmed. *State v. Garner*, 11th Dist. Lake No. 2010-L-111, 2011-Ohio-3426.

{¶5} Garner filed a March 21, 2016 Motion to Correct Clerical Error Pursuant to Crim.R. 36, alleging the court erred by stating a different sentence at the sentencing hearing than in its judgment entry. The trial court denied the Motion and that judgment was affirmed in *State v. Garner*, 11th Dist. Lake No. 2016-L-041, 2016-Ohio-5785. A subsequent petition for postconviction relief relating to Garner's conviction was denied, which denial was affirmed by this court in *State v. Garner*, 11th Dist. Lake No. 2017-L-037, 2017-Ohio-7814.

2

{¶6} On March 21, 2018, Garner filed a Motion to Nullify the February 1, 2007 Judgment Entry of Sentence, arguing that his sentence was void and violated his Constitutional rights, again contending that the court's statements regarding his sentence at the hearing and in its entry were inconsistent. The trial court issued an April 11, 2018 Judgment Entry construing the Motion as a postconviction petition and denied it as untimely.

{¶7} On appeal, Garner raises the following assignment of error:

{¶8} "The trial court abused its discretion when it denied Garner's motion to nullify the trial court's February 1, 2007, sentencing journal entry as it is contrary to law."

{¶9} Garner's primary argument on appeal is that the trial court erred by ordering different sentences at the sentencing hearing and in the Judgment Entry of Sentence.

{¶10} As an initial matter, we note that the court construed Garner's Motion as a postconviction petition, although he had not characterized it as such. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶11} Pursuant to R.C. 2953.21(A)(1)(a), a convicted defendant "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States," may file a postconviction petition "asking the court to vacate or set aside the judgment or sentence * * *." A motion can be construed as one for postconviction relief where it "was filed subsequent to a direct appeal, claimed a denial of a constitutional right,

3

sought to render a judgment void, and asked for the vacation of the judgment and sentence." *State v. Perry*, 11th Dist. Trumbull No. 2016-T-0005, 2016-Ohio-7446, ¶ 16.

**{¶12}** Generally, an appellate court reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Hendrix,* 11th Dist. Lake No. 2012-L-080, 2013-Ohio-638, ¶ 7. However, in cases where the trial court denies a petition without a hearing, or on legal grounds such as in the case of res judicata, a de novo standard of review applies. *State v. Henry*, 11th Dist. Lake No. 2008-L-178, 2010-Ohio-1446, ¶ 51; *State v. Davies*, 11th Dist. Ashtabula No. 2017-A-0013, 2017-Ohio-7961, ¶ 12.

**{¶13}** Construed as a postconviction petition, Garner's Motion fails as untimely. A postconviction petition filed under R.C. 2953.21(A)(1) shall be filed within three hundred sixty-five days after the filing of the transcript in a direct appeal. R.C. 2953.21(A)(2). To proceed with an untimely and/or successive petition, the petitioner must show that "he was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively" and demonstrate "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(a) and (b).

**{¶14}** Garner's petition was successive and was also filed approximately ten years late. The exceptions to the timeliness requirement discussed above do not apply here since Garner was not prevented from discovering necessary facts, nor does he set forth a right that applies retroactively. Construed as a postconviction petition,

4

consideration of the merits of Garner's Motion is precluded. *State v. Lett*, 11th Dist. Lake No. 2017-L-169, 2018-Ohio-2351, ¶ 18.

{¶15} Garner contends that this issue is properly raised in a delayed fashion, and, further, is not barred by the doctrine of res judicata, since sentences contrary to law are void rather than voidable and can be raised at any time, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 23, 35 (inasmuch as "[n]o court has the authority to impose a sentence that is contrary to law," the Ohio Supreme Court has rejected the application of res judicata "to sentences that do not comply with statutory mandates, as those sentences are illegal and subject to collateral attack or direct appeal by any party").

{¶16} Even presuming Garner's contention to be applicable, he has already raised this exact sentencing argument before this court, at which time it was fully considered and rejected. After a thorough review of the record, this court found that the sentence set forth in the Judgment Entry of Sentence "accurately reflect[ed] the total sentence that appears to have been given at the hearing." *Garner*, 2016-Ohio-5785, at ¶ 17. Further, this court held that, even if there had been some lack of clarity in the explanation of the sentence at the hearing "such error would be harmless as it did not impact the length of Garner's sentence." *Id.* Nothing has changed to alter that analysis or warrant a different holding by this court on the exact issue it has already considered.

{¶17} Finally, to the extent that Garner raises vague references to the trial court not having "accurate and appropriate information before it" during sentencing and regarding notification about imposing mandatory terms of incarceration, he raises no specific error by the trial court on these issues warranting consideration.

5

{¶18} The sole assignment of error is without merit.

{¶19} For the foregoing reasons, the Judgment Entry of the Lake County Court of Common Pleas, denying Garner's Motion to Nullify, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J., concurs,

TIMOTHY P. CANNON, J., concurs in judgment only with a Concurring Opinion.

_____

TIMOTHY P. CANNON, J., concurring in judgment only.

{¶20} I concur in judgment only with the above opinion. I agree this court's standard of review is de novo when the trial court denies a postconviction petition solely on legal grounds. Thus, the denial at issue here, on the basis that the petition was untimely, is appropriately reviewed de novo. I do not agree, however, that this is always the proper standard of review when the trial court denies a petition without a hearing.

{¶21} "'[A] trial court's decision regarding a postconviction petition filed pursuant to R.C. 2953.21 will be upheld absent an abuse of discretion when the trial court's finding is supported by competent and credible evidence.' *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶60; *State v. Clark*, 11th Dist. Trumbull No. 2017-T-0081, 2018-Ohio-794, ¶6 (purely legal issues, however, are reviewed de novo)." *State v. Martin*, 11th Dist. Trumbull No. 2017-T-0014, 2018-Ohio-3244, ¶20 (affirming the dismissal of a petition without a hearing).

6